UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. ___________________

KARLA COLARTE,

Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KARLA COLARTE (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION (hereinafter "Defendant"), and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, KARLA COLARTE, is a citizen and resident of Lakeland, Florida.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves diversity of citizenship under 28 USC §1332. Alternatively, in the event this matter does not come under the Diversity Jurisdiction of the Court, then this matter is being brought under the Admiralty and Maritime Jurisdiction of the Court pursuant to 28 USC §1333.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
b. Was engaged in substantial and not isolated activity within this state;
c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;

d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
f. Operated vessels in the waters of this state;
g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL CONQUEST.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL CONQUEST.

8. At all times material, Defendant had exclusive custody and control of CARNIVAL CONQUEST.

9. On or about July 21, 2023, Plaintiff was a passenger aboard CARNIVAL CONQUEST which was in navigable waters.

10. On or about July 21, 2023, Plaintiff was walking along Deck 4 of the ship on her way to breakfast in the Monet Restaurant and as she passed through a hallway into the restaurant, she tripped and fell over an uneven/protruding moulding/ledge which separated the hallway from the restaurant. The raised, uneven, and protruding moulding/ledge was neither open nor obvious to Plaintiff and, after her fall, she noticed that the moulding/ledge was dinged/dented from other pedestrians having struck it such that it had been in this raised, uneven, and protruding condition for a sufficient period of time to put Defendant on notice of the dangerous conditions.

11. Other passengers on Defendant's ships have previously been injured under similar circumstances where Defendant failed to exercise reasonable care to ensure that similar raised moulding/ledge did not pose a hazard to pedestrian traffic. *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga ("the Plaintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . ."); *Florin v. Carnival Corporation,* Case No. 18-CIV-22131-

Altonaga ("Plaintiff was walking along the Lido Deck and as she entered one of the restaurants, she tripped over an uneven/protruding metal grate . . . at the entrance to the restaurant.").

12. As a consequence, Plaintiff sustained injury to her chest, fractures of ribs, bruising of her breasts, and injury to her knee. Although Plaintiff's injuries were such that she necessitated medical care in Defendant's infirmary, beyond taking her vitals, Defendant refused to treat her or provide her with first aid as she was unable to pay. It is Defendant's practice to turn away from its infirmary passengers who are unable to pay. *Hall v. Carnival Corporation,* Case No. 21-Civ-20557-Bloom (S.D.Fla. April 28, 2021).

13. As a consequence, Plaintiff also necessitated continued medical care following her return home.

14. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

**COUNT I – NEGLIGENCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

15. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

16. On or about July 21, 2023, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

17. On or about July 21, 2023, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to provide Plaintiff with a reasonably safe deck area to walk on; and/or
c. Failure to properly supervise and control passenger use of the deck area to ensure it was reasonably safe for use by passengers, including Plaintiff; and/or

*Colarte v. Carnival Corporation*

d. Failure to inspect, maintain, and monitor the deck area to ensure it was reasonably safe for use by passengers, including Plaintiff; and/or

e. Allowing a raised, uneven, and protruding moulding/ledge above the deck surface thus creating a trip hazard and rendering the deck unsafe for Plaintiff; and/or

f. Failure to inspect, maintain, and monitor the raised, uneven, and protruding moulding/ledge which made the deck unsafe for Plaintiff, rendering the deck unsafe for Plaintiff; and/or

g. Failure to properly repair/replace the raised, uneven, and protruding moulding/ledge despite the fact that the condition had existed for a sufficient period of time as evinced by dings and dents on the moulding/ledge ; and/or

h. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening; and/or

i. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or

j. Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident the Plaintiff suffered from happening; and/or

k. Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening. *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corporation,* Case No. 18-CIV-22131-Altonaga.

18. Defendant created the foregoing conditions causing Plaintiff's accident.

19. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corporation,* Case No. 18-CIV-22131-Altonaga.

20. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corporation*, Case No. 18-CIV-22131-Altonaga.

21. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

**COUNT II – FAILURE TO WARN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

22. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

23. On or about July 21, 2023, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a dangerous condition known to Defendant. *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corporation,* Case No. 18-CIV-22131-Altonaga.

24. On or about July 21, 2023, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff; and/or
c. Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge up and above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff, which Defendant had knowledge of and was on notice of; and/or
d. Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge up and above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff, which, in the exercise of reasonable care, Defendant should have had knowledge of and was on notice of.

25. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

26. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corporation,* Case No. 18-CIV-22131-Altonaga.

27. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corporation,* Case No. 18-CIV-22131-Altonaga.

28. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

**<u>COUNT III – NEGLIGENCE IN FAILING TO RENDER FIRST AID</u>**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

29. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances which extends to rendering first aid. *Hall v. Carnival Corporation,* Case No. 21-Civ-20557-Bloom (S.D.Fla. April 28, 2021).

30. After her fall, Plaintiff presented to Defendant's infirmary for help.

31. Defendant advertises its infirmaries as "committed to providing the highest quality

of shipboard medical care."

32. However, in Defendant's infirmary, beyond the taking of her vitals, Plaintiff was refused care because she was unable to pay the "consultation fee" for Defendant's physician and/or the fee for x-rays.

33. Although Plaintiff had medical insurance at the time, Defendant refused to accept it and demanded immediate payment then before it would care for Plaintiff.

34. Plaintiff described her pain and difficulties breathing (she would come to learn that had suffered fractures of anterior to anterolateral left 5th to 7th ribs) and pled that she be able to see Defendant's physician, but was nevertheless turned away.

35. In refusing to provide Plaintiff with first aid, Defendant breached its duty of "reasonable care under the circumstances," not to mention that of simple human decency.

36. As a consequence of this breach, Plaintiff suffered additional pain and suffering until she was seen at a shoreside emergency room in Lakeland, Florida the following day.

37. Defendant's refusal to provide Plaintiff with the most basic first aid was intentional, wanton, and willful to the point of being intolerable in a civilized society.

38. As a direct and proximate result of Defendant's refusal to render first aid, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, including punitive damages, interest as permitted by law, and demands a trial by Jury.

DATE: June 7, 2024

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiff*
10691 N. Kendall Drive – Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By: */s/ Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No. 061451
ehernandez@ejh-law.com