UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:24-cv-22203-KMW

KARLA COLARTE,

Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

Defendants.

_______________________________________/

**DEFENDANT, CARNIVAL CORPORATION'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

DEFENDANT, CARNIVAL CORPORATION., ("CARNIVAL"), by and through undersigned counsel and pursuant to the applicable Rules of Civil Procedure, hereby files its Motion to Dismiss Plaintiff's Complaint [D.E. 01], and in support thereof states as follows:

**INTRODUCTION**

This is a maritime action brought by KARLA COLARTE, ("Plaintiff"), wherein Plaintiff alleges that on July 21, 2023, while she was a passenger onboard the *CARNIVAL Conquest*, ("the vessel") while walking along Deck 4 of the ship on her way to breakfast in the Monet Restaurant and as she passed through a hallway into the restaurant, she tripped and fell over an uneven/protruding molding/ledge which separated the hallway from the restaurant and suffered injuries. [D.E. 01, ¶ 10].

Plaintiff alleges the following claims: (Count I) Negligence, (Count II) Failure to Warn, (Count III) Negligence in Failing to Render First Aid. The Complaint fails to state a claim against

Defendant upon which relief may be granted and should be dismissed for the reasons set forth below.

## MEMORANDUM OF LAW

### I. This Action is Governed by U.S. Maritime Law

The present action arises under United States general maritime law. Incidents occurring on the navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See e.g., Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741F.2d 1332, 1334 (11th Cir. 1984). It is well settled that the law governing passenger suits against cruise lines is general maritime law. *See e.g.,* Schoenbaum, Thomas J., *Admiralty and Maritime Law* §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Here, according to the allegations of the Complaint, Plaintiff was injured while allegedly walking along Deck 4 of the vessel on her way to breakfast in the Monet Restaurant as she passed through a hallway into the restaurant, tripping over an uneven/protruding molding/ledge which separated the hallway from the restaurant, suffering injuries. [D.E. 01, ¶ 10]. Moreover, Plaintiff agrees that "[t]he causes of action asserted in this Complaint arise under General Maritime Law of the United States." [D.E. 01, ¶ 6].

### II. Legal Standard for Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The pleading standard in Rule 8 demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Id.* (plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."); *Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355, 1358 (S.D. Fla. 2010) (holding that "a complaint may be dismissed if the facts as pleaded fail to state a claim to relief that is plausible on its face."). Furthermore, a complaint is also insufficient if it tenders naked assertions devoid of further factual enhancement. *Id.*

**III. Plaintiff's Negligence Claims (Counts I, II, III) Should be Dismissed.**

Plaintiff's negligence claims (Negligence, Failure to Warn, Failure to Render First Aid) against Carnival are defective in several respects and should be dismissed. To prevail on a claim of negligence, Plaintiff must establish that: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Pursuant to federal maritime law, the duty of care that cruise operators owe passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." See *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). As a threshold issue, Plaintiff alleges Carnival created the conditions causing Plaintiff's accident. [D.E. 1 ¶¶ 18, 25] However, Plaintiff fails to include any specific supporting facts in her Complaint. This is nothing more than a "bare bones" conclusory allegation and does not comport with the requirements of *Twombley*. Additionally, even if Carnival "created" the allegedly dangerous condition, which it denies, Plaintiff is still required to assert facts that show Carnival had notice of the condition. The Eleventh Circuit recently held that "creating" or "allowing" a

dangerous condition does not eliminate a plaintiff's requirement to provide facts to show that a defendant had notice of an allegedly dangerous condition. "[A]dmiralty law[] require[s] that a cruise ship must have notice of the dangerous condition." *Malley v. Royal Caribbean Cruises Ltd.*, 2017 U.S. App. LEXIS 22497, *11 (11th Cir. Nov. 9, 2017) (*citing Keefe*, 867 F.2d at 1322) (holding that the creation of a high coaming which caused the plaintiff to fall on the ship did not negate the plaintiff's burden to show that the defendant cruise line had notice of the alleged risk posed by the coaming). In *Pizzino v. NCL (Bahamas) Ltd.,* the Eleventh Circuit reaffirmed *Everett v. Carnival Cruise Lines* and held that a cruise ship operator must have actual or constructive notice of the alleged risk- creating condition as a pre-requisite to imposing liability. In Pizzino, the Eleventh Circuit "rejected the possibility that the operator could be liable in the absence of actual or constructive notice." Pizzino v. NCL (Bahamas) Ltd., 16-cv-16812, 2017 WL 4162194, at *4 (11th Cir. Sept. 20, 2017). Here, Plaintiff has not sufficiently alleged Carnival knew or should have known of any dangerous condition. Consequently, as set forth below, Plaintiff's negligence claims should be dismissed by this Honorable Court.

**A. Plaintiff failed to sufficiently allege Carnival was on notice of a dangerous condition**

Plaintiff's Complaint attempts to plead notice in Counts I and II with almost identical notice allegations. However, the allegations cited by Plaintiff are generic, conclusory, speculative, and insufficient to plead Carnival was on notice (prior to Plaintiff's incident) of a dangerous condition onboard the vessel. *See Navarro v. Carnival Corp.*, No. 19-cv-21072, 2020 WL 1307185, at *3 (S.D. Fla. Mar. 19, 2020) ("[A]side from the conclusory allegation that [the cruise line] 'was or should have been aware' of the risk creating condition—there are no factual allegations supporting conclusion that [the cruise line] knew of this risk creating condition…"); *Twombly*, 550 U.S. at

545 ("A complaint must allege facts sufficient "to raise a right to relief above the speculative level.").

First, as it relates to her trip and fall, Plaintiff alleges Carnival knew of the conditions because the conditions existed for a sufficient length of time or occurred with sufficient regularity. [D.E. 01, ¶¶ 10, 19, 20]. These are not a factual allegations from which notice may be inferred – it is a threadbare allegation that recites no facts suggesting how Carnival knew or should have known of the specific dangerous condition alleged. Chiefly, Plaintiff alleges notice based on "the length of time" the condition had been present or the "sufficient regularity" it occurred but has not alleged what the length of time the condition existed or how many reoccurrences. In *Newbauer v. Carnival Corp.*, Judge Scola addressed an analogous allegation finding it insufficient to support a contention that the cruise line had notice:

> As plead, it is impossible for the Court to tell if the hazardous condition the Plaintiff complaints of was present for five seconds, five minutes, or five hours. While the Plaintiff's complaint makes clear it is *possible* that Carnival was on notice, the Plaintiff's complaint does not state a claim that is plausible on its face sufficient to survive a motion to dismiss.

*See Newbauer v. Carnival Corp.*, WL 723164 (S.D. Fla. 2021), aff'd 26 F. 4th 931 (11th Circ. 2022). Here, Plaintiff's conclusory allegations closely follow those found in *Newbauer* and are similarly unsupported. Even if the alleged dangerous condition had been present for a certain length of time, Plaintiff has also failed to assert facts that Carnival was aware that it posed a danger. Without factual allegations that support her claim, the claim must fail. *See Gayou v. Celebrity Cruises*, Inc., No. 11–23359–Civ., 2012 WL 2049431, at *5 (S.D.Fla. June 5, 2012) (Plaintiff's complaint "fails to state a claim because he has not alleged any facts from which it may be inferred that Celebrity either knew or should have known of any dangerous or unsafe condition").

Next, Plaintiff alleges Carnival knew of the dangerous condition through "other passengers on Defendant's ships [that] have previously been injured under similar circumstances" . [D.E. 01, ¶ 11]. Plaintiff lists two incidents involving trip and falls. [D.E. 1 ¶ 11]. However, based on a cursory review of the two incidents cited by Plaintiff, neither cases deal with the same vessel, much less the same area or dangerous condition as alleged by Plaintiff. Judge Moore's recent ruling is instructive on this argument. *Kendall v. Carnival Corp.,* No. 1:23-CV-22921-KMM, 2023 WL 8593669, at *3 (S.D. Fla. Dec. 8, 2023). As in *Kendall*, Plaintiff failed to plead any facts or circumstances to show how these incidents establish that Carnival was on notice of the risk-creating condition **specific to the subject area or vessel**. *Id.* (holding that Plaintiff's vague assertions about incidents on entirely different vessels would "constitute a great deviation from Eleventh Circuit precedent requiring a plaintiff to show substantially similar accidents to the one at issue to demonstrate constructive notice."). ;s*ee also Polanco v. Carnival Corp*., No. 10-21716-CIV, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (Alleged prior incidents insufficient to establish notice because, "[t]here are also no details about similar past incidents that [the cruise line] allegedly failed to investigate. What were the incidents? …How did [the cruise line] learn of the incidents? The complaint is bereft of information on these material issues.").

Furthermore, Plaintiff's conclusory statements about what 'should have' been learned or acquired from alleged failure to supervise or control the deck, inspections, and monitoring are insufficient, as they are bare allegations that do not depict factual specifics. Plaintiff does not identify any actual inspection that put Carnival on notice of the dangerous condition she alleges. Merely alleging that Carnival should have detected the presence of a dangerous condition is insufficient to plead notice. Courts in this district consistently hold that such generalized notice allegations regarding cruise lines' "inspections" and maintenance are insufficient to establish

notice. *See Bencomo v. Costa Crociere S.P.A. Co.*, No. 10-62437-CIV, 2011 WL 13175217, at *3 (S.D. Fla. Nov. 14, 2011) (rejecting the argument that "the Defendant must have known of the dangerous condition because Defendant regularly maintained the area."), aff'd, 476 F. App'x 232 (11th Cir. 2012); *see also Baker v. NCL Am., LLC*, No. 1:19-CV-24442-JLK, 2020 WL 4696578, at *2 (S.D. Fla. Jan. 24, 2020) (dismissing Plaintiff's Complaint as Plaintiff's notice allegations concerning regular cleaning of deck floors was conclusory and not allegations of fact).

In Count III of Plaintiff's Complaint, Plaintiff fails to include any allegations that Carnival was on notice of the dangerous condition; therefore, it must be dismissed. *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345 (S.D. Fla. 2016) ("In this District, courts regularly dismiss negligence claims pursuant to *Keefe*'s requirement that a defendant cruise line have had actual or constructive notice of the danger claimed by plaintiff."). As Plaintiff has failed to plead any factual support that Carnival had notice of the dangerous condition she alleges in Count III of Complaint, Plaintiff's Complaint is insufficiently pled and should be dismissed. *Keefe*, 867 F.2d at 1322.Accordingly, Plaintiff has failed to sufficiently plead that Carnival had notice of the risk-creating condition alleged to have caused injury, and Carnival respectfully submits that the Court should dismiss Counts I, II, and III.

**B. Plaintiff's Punitive Damage Request Should be Dismissed**

Plaintiff alleges Defendants' conduct warrants punitive damages. [D.E. 1]. These damages should be dismissed or stricken. First, both the Supreme Court and the 11th Circuit have found that punitive damages are not permitted in a negligence case for personal injuries under general maritime law. *See The Dutra Group v. Batterton*, 139 S.Ct. 2275, 2287 (2019); *Eslinger v. Celebrity Cruises, Inc.*, 772 Fed. App'x. 872 (11th Cir. 2019). In *Eslinger*, a plaintiff appealed an order dismissing her claim for loss of consortium resulting from an injury her husband sustained

while a passenger on a cruise ship, arguing that the district court erred in relying on Eleventh Circuit precedent foreclosing loss of consortium claims. 772 Fed. App'x 872 (11th Cir. 2019). The Eleventh Circuit expressly stated that: "Our court has held that plaintiffs may not recover punitive damages, including loss of consortium damages, for personal injury claims under federal maritime law. *Id*. at 872-73 (*citing In re Amtrak Sunset Ltd. Train Crash in Bayou Canot,* Ala. on Sept. 22, 1993, 121 F.3d 1421, 1429 (11th Cir. 1997) and *Lollie v. Brown Marine Serv., Inc.*, 995 F.2d 1565, 1565 (11th Cir. 1993) ("[N]either the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases.")). The Eleventh Circuit's *Eslinger* decision is completely consistent with the Supreme Court's ruling in *Batterton* that punitive damages are not available in maritime crew cases of unseaworthiness. 139 S.Ct. at 2275 (The lack of punitive damages in traditional maritime law cases is practically dispositive.). Just this last month, this Honorable Court adopted a ruling striking punitive damages claims based on *Eslinger. Escutia v. Carnival Corp.,* No. 23-24230-CIV, 2024 WL 1931703, at *18 (S.D. Fla. Mar. 13, 2024), report and recommendation adopted, No. 23-24230-CV, 2024 WL 3201006 (S.D. Fla. June 27, 2024); *see* also *Doe v. NCL (Bahamas) Ltd.*, No.19-cv21486-CMA, [ECF 45] (S.D. Fla., Aug. 29, 2019) attached as Exhibit "A". At the hearing on the motion to dismiss the punitive damages claim, Judge Altonaga stated: "Judge's Martin, Newsom, and Dubina wrote [in *Eslinger*] 'Our Court has held that Plaintiffs may not recover punitive damages for personal injury claims under federal maritime law.' That's what the Plaintiff is attempting to do in this complaint." *See* Transcript from hearing on Motion to Dismiss in *Doe v. NCL (Bahamas) Ltd.*, No.19-cv-21486-CMA, (S.D. Fla., Aug. 29, 2019) attached as Exhibit "B" at pg. 35-36. Therefore, based on the clear reasoning of *Batterton* and the explicit holding in *Eslinger*, punitive damages are not an available remedy in personal injury actions under general maritime law following those decisions.

Notwithstanding, even in a pre-*Eslinger/Batterton* world, Plaintiff's punitive damages allegations would have been insufficient to state a claim for relief. Prior to *Eslinger/Batterton*, Courts in this District, including this Honorable Court, have held that in "exceptional circumstances" such as "those very rare instances of intentional wrongdoing," punitive damages may be available in a personal injury case. *Escutia*, 2024 WL 1931703, at *18 (S.D. Fla. Mar. 13, 2024); *Crusan v. Carnival Corp.*, 13-CV-20592, 2015 WL 13743473, at *6 (S.D. Fla. Feb. 24, 2015). Though, in the instant matter, Plaintiff has pled that Defendant acted in its refusal to provide Plaintiff with medical aid in a manner that was "intentional, wanton, and willful to the point of being intolerable in a civilized society" under the law as described above, these are not exceptional circumstances nor intentional wrongdoing. As under *Carlisle*, 953 So. 2d at 469, the court found, "ship owners have not been found liable to passengers because the medical treatment was business between the doctor and the passenger rather than fulfillment of the doctor's duty to the ship." And in *Aronson,* 30 F. Supp. 3d at 1395–96, "[A] cruise ship has no duty to provide doctors or other medical personnel to its passengers, it "cannot be held liable for allegedly failing to fulfill a duty to provide medical care that it does not owe to passengers.""

Thus, Carnival respectfully submits that Plaintiff's attempt to convert a claim for ordinary negligence into a claim for punitive damages by inserting language such as "intentional," "wanton" and "willful" is insufficient to state a claim for punitive damages, even if such damages were still available under the maritime law. *See Bodner v. Royal Caribbean Cruises, Ltd.*, 2018 WL 4047119, at *8 (S.D. Fla. May 8, 2018); *Butler v. Carnival Corporation,* 2014 WL 5430313, at *5 (S.D. Fla. Oct. 24, 2014). Accordingly, Carnival respectfully submits that, in addition to the other grounds stated herein, Plaintiff's claim for punitive damages be dismissed with prejudice.

**WHEREFORE**, Defendant, Carnival, respectfully request this Honorable Court to enter an Order dismissing Plaintiff's Complaint in its entirety, and for all other relief this Court deems just and proper.

Dated: July 17, 2024
Miami, Florida

Respectfully submitted,
**FOREMAN FRIEDMAN, P.A.**

BY: *<u>/s/ Noah D. Silverman, Esq.</u>*
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Noah Silverman, Esq. (FBN 401277)
nsilverman@fflegal.com
Cecile von Batemberg, Esq. (FBN 123769)
cvbatemberg@fflegal.com
Morgan E. Granoff, Esq. (FBN 1032783)
mgranoff@fflegal.com
**Foreman Friedman, P.A.**
One Biscayne Tower, Suite 2200
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-6555
Fax: (305) 374-9077
*Attorneys for Defendant*
*Carnival Corporation.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on July 17, 2024. We also certify that the foregoing was served on all counsel

or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: ***/s/ Noah D. Silverman, Esq.***
Noah D. Silverman, Esq.

**SERVICE LIST**

| | |
|---|---|
| Eduardo J. Hernandez, Esq.<br>ehernandez@ejh-law.com<br>**Eduardo J. Hernandez, LLC**<br>10691 N. Kendall Drive- Suite 109<br>Miami, Florida 33176<br>Tel: 305-567-0910/ Fax: 786-4548905<br>*Counsel for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Noah D. Silverman, Esq.<br>nsilverman@fflegal.com<br>pcampo@fflegal.com<br>Cecile von Batemberg, Esq.<br>cvbatemberg@fflegal.com<br>Morgan E. Granoff, Esq.<br>mgranoff@fflegal.com<br>**Foreman Friedman, PA**<br>One Biscayne Tower, Suite 2200<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>Phone: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant, Carnival Corporation.* |