UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:24-cv-22203-KMW

KARLA COLARTE,

Plaintiff,

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

Defendant.
_______________________________________/

**DEFENDANT'S RELY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

DEFENDANT, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel and pursuant to the applicable Rules of Civil Procedure, hereby file its Reply in Support of the Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") [D.E. 11], and in support thereof states as follows:

**MEMORANDUM OF LAW**

**I. Plaintiff's Negligence Claims against Carnival Should be Dismissed.**

As discussed in Defendant's Motion to Dismiss, Plaintiff's negligence claims should be dismissed because Plaintiff fails to state a cause of action upon which relief can be granted. All of Plaintiff's negligence claims fail as Plaintiff fails to sufficiently allege that Carnival knew or should have known of any dangerous condition that proximately caused Plaintiff's alleged injuries. As an initial matter, contrary to Plaintiff's argument, Defendant alleges the proper pleading standard in federal court. Although the pleading standard "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Twombly*, 550

U.S. at 555). The Eleventh Circuit Court of Appeals, relying on the bedrock cases of *Twombly* and *Iqbal*, explained that mere "threadbare recitals of the elements of a cause of action" and "conclusory statements" are insufficient. *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093-1095 (11th Cir. 2022). As detailed in Carnival' Motion to Dismiss and further below, Plaintiff's Complaint is extensively comprised of general conclusory allegations as opposed to *actual facts* related to the case at hand. Accordingly, Counts I-III of Plaintiff's Complaint should be dismissed.

**A. Plaintiff fails to sufficiently allege that Carnival had actual or constructive notice of the dangerous condition that Plaintiff alleges proximately caused her injuries.**

As detailed in the Motion, Counts I and II of the Complaint should be dismissed as Plaintiff's allegations in her Complaint are conclusory and therefore fail to sufficiently plead notice. The Eleventh Circuit as well as numerous courts in this district have held that a plaintiff must plead sufficient facts to support to notice allegations to avoid dismissal at the motion to dismiss stage. *See, e.g. Newbauer v. Carnival Corp., 26 F.4th 931, 935 (11th Cir. 2022),* cert. denied, 214 L. Ed. 2d 83 (Oct. 3, 2022) ("[Plaintiff] failed to allege a sufficient factual basis to support her conclusory allegation that Carnival had actual or constructive knowledge of the hazard…"); *Nichols v. Carnival Corp*., 423 F. Supp. 3d 1316, 1323 (S.D. Fla. 2019); *Polanco v. Carnival Corp*., No. 10-21716-CIV, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010).

Plaintiff's allegation that the condition had been there with sufficient regularity and/or for a sufficient length of time is wholly insufficient. [D.E. 1 ¶¶ 10, 19, 20, 26, 27]. Contrary to Plaintiff's argument in her Response, *Newbauer* is instructive in this matter. In *Patton,* the Eleventh Circuit cited *Newbauer* in affirming the dismissal of a complaint in part due to the plaintiff's failure to sufficiently allege the dangerous condition (a threshold) existed for a sufficient length of time to impute notice. *Patton v. Carnival Corp.*, No. 22-13806, 2024 WL 1886504, at *3

(11th Cir. Apr. 30, 2024) *citing Newbauer*, 26 F.4th at 935; *see also Kendall v. Carnival Corp.*, No. 1:23-CV-22921-KMM, 2023 WL 8593669, at *3 (S.D. Fla. Dec. 8, 2023). In *Patton*, the Eleventh Circuit rejected plaintiff's argument that photographs taken *after* the incident could be reasonably inferred to mean the "'dangerous condition of the threshold was due to wear and developed over a considered time, much more than just a few minutes, hours, or even days.'" *Patton*, 2024 WL 1886504, at *3. Like *Patton*, Plaintiff's argument that the dangerous condition existed for a sufficient amount of time because plaintiff noticed the moulding/ledge was dinged/dented *after* she fell is an unwarranted deduction. *Id.* Furthermore, even if the alleged dangerous condition had been present for a certain length of time, Plaintiff has also failed to assert facts that Carnival was aware that it posed a danger. Instead, Plaintiff's claims are merely conclusory allegations that people have traversed over the subject moulding/ledge. Courts have rejected arguments that notice exists because a dangerous condition, such as a threshold or ledge as claimed here, occurred in a high traffic area. *Kendall,* 2023 WL 8593669, at *3. Accordingly, Plaintiff has not sufficiently alleged notice.

Plaintiff's next attempt to allege notice based on the prior incidents listed in the Complaint is also deficient as she fails to plead any facts or circumstances to show how the cited incidents establish that Carnival was on notice of the risk-creating condition **specific to the subject area**. First, Plaintiff's reliance on *Milbrath* is misplaced. *Milbrath v. NCL Bahamas, Ltd*., No. 1:17-CV-22071-UU, 2018 WL 2021344, at *1 (S.D. Fla. Mar. 8, 2018); [DE 13 at pg. 6]. The court in *Milbrath* at summary judgment posture held that it agreed with Plaintiff in that a combination of things was sufficient to articulate cognizable notice: "the prior incident, safety videos, and testimony from Defendant's corporate representative suggest that Defendant had notice" *Milbrath*, No.1:17-CV-22071-UU, 2018 WL 2021344, at *3. Accordingly, *Milbrath* is highly

distinguishable – not only is it a different procedural posture, but plaintiff in *Milbrath* cited a variety of factual evidence to establish notice. *Id.* Plaintiff's reliance on *Hessen* is similarly misplaced as it is an Eleventh Circuit review of a posttrial motion in a case in which facts were presented about prior incidents via expert testimony. *Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). Here, Plaintiff has not sufficiently alleged facts in her Complaint demonstrating that the two prior incidents provide constructive notice of the allegedly dangerous condition in this case**.**

Notably, Plaintiff fails to distinguish *Kendall*, a recent decision which is instructive in this case. *Kendall*, 2023 WL 8593669, at *3. In *Kendall*, the plaintiff alleged the cruise line had notice based on six prior incidents (one of which occurred on the same vessel as the subject vessel plaintiff allegedly was injured). The Court held that to accept plaintiff's argument would "require this Court to hold that a cruise ship operator has constructive notice of a dangerous condition when, over the course of seven years and across multiple vessels, six individual suffered injuries when they fell due to an uneven and/or sloped cruise ship hallway." *Kendall*, 2023 WL 8593669, at *3. Similarly, Plaintiff's argument requires the Court to hold that Carnival has constructive notice of a dangerous condition based on two (2) prior incidents in a span of six (6) years, on entirely different ships, and on entirely different raised ledges or flooring.[1] As in *Kendall*, Plaintiff's allegations "constitute a great deviation from Eleventh Circuit precedent requiring a plaintiff to

---

[1] Plaintiff's failure to specify the material of moulding/ledge is another example that Plaintiff's Complaint is nothing but conclusory allegations instead of facts. [D.E. 1 ¶ 10, 11]. As Plaintiff acknowledges in her Complaint, the two priors listed by Plaintiff regard entirely different types of flooring – *Zarr* is about flooring or wooden grading, while *Florin* notes plaintiff tripped over a metal grate. *Id*. Nowhere in the Complaint does Plaintiff specify the material of the moulding/ledge. [D.E. 1]. Therefore, it is disingenuous for Plaintiff to allege the two priors are essentially identical.

show substantially similar accidents to the one at issue to demonstrate constructive notice. Therefore, Plaintiff's argument that the prior incidents are "similar, if not identical" is misleading and is another attempt to circumvent factual allegations for conclusory statements. [D.E. 13 at pg. 5]. Accordingly, Plaintiff has failed to establish in its factual allegations that Carnival was on notice of the dangerous condition that allegedly caused the subject incident. As such, Plaintiff cannot establish her negligence claims as notice is a pre-requisite. *Keefe v. Bahama Cruise Line, Inc*., 867 F.2d 1318, 1322 (11th Cir. 1989). Therefore, Carnival respectfully submits that the Court should dismiss Counts I – II.

**B. Plaintiff's Punitive Damage Request Should be Dismissed**

Despite Plaintiff's arguments, the legal authority in Carnival's Motion is not misleading. As noted in Carnival's Motion, this Honorable Court just recently dismissed/struck down punitive damages based in part on *Dutra* and *Elsinger*. *The Dutra Grp. v. Batterton*, 588 U.S. 358, 359, 139 S. Ct. 2275, 2276, 204 L. Ed. 2d 692 (2019). *Escutia v. Carnival Corp.*, No. 23-24230-CIV, 2024 WL 1931703, at *19 (S.D. Fla. Mar. 13, 2024), *report and recommendation adopted*, No. 23-24230-CV, 2024 WL 3201006 (S.D. Fla. June 27, 2024).

The Courts in this district that have allowed claims of punitive damages in personal injury claims under maritime law, despite *Eslinger*, have only done so in "exceptional circumstances" upon a showing of "intentional misconduct" by a defendant. *See Doe v. Carnival Corp.*, 2020 WL 3772102, at *5-6.; *Tang v. NCL (Bahamas) Ltd.*, 2020 WL 3989125, at*3(S.D. Fla. Jul.14, 2020) (relying on *in re Amtrak "Sunset Limited" Train Crash*, 121 F.3d 1421, 1429 (11th Cir. 1997)). This follows the same standard as those cases pre-dating *Batterton* and *Eslinger*, which also hold that punitive damages are only available in exceptional circumstances of intentional wrongdoing. *Crusan v. Carnival Corp.*, 13-CV-20592, 2015 WL 13743473, at *6 (S.D. Fla. Feb. 24, 2015);

*Bodner v. Royal Caribbean Cruises, Ltd.*, 2018 WL 4047119, at *2-5 (S.D. Fla. May 8, 2018); *Butler v. Carnival Corporation*, 2014 WL 5430313, at *5 (S.D. Fla. Oct. 24, 2014). Additionally, however, in *Dutra*, it was stated that "federal courts should seek to promote a "uniform rule applicable to all actions" for the same injury, whether under the Jones Act or the general maritime law. *The Dutra Grp.*, 588 U.S. at 359; *see also Miles v. Apex Marine Corp.*, 498 U.S. 19, 33 (1990).

Here, Plaintiff has not pled allegations which describe exceptional circumstances and/or intentional wrongdoing. Plaintiff's attempt to convert a claim for ordinary negligence into punitive damages claim by simply inserting phrases such as "willful" or "wanton" into its pleading for effect is plainly insufficient to state a claim for punitive damages, even if such damages were still available under the maritime law. To demonstrate intentional misconduct for the purposes of recovering punitive damages, plaintiffs must show that "the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." *Mee Indus. v. Dow Chemical Co.*, 608 F.3d 1202, 1220 (11th Cir. 2010) (citation omitted). Here, Plaintiff has not pled any factual allegations that Carnival had actual knowledge of the dangerous condition. [D.E. 1].

Plaintiff characterizes a cruise line's refusal to provide medical aid due to a patron's failure to provide payment as "wanton, willful, and to the point of being intolerable in a civilized society." [D.E. 1 ¶ 37]. However, as noted in Carnival's Motion [D.E. 11], a "cruise ship has no duty to provide doctors or other medical personnel to its passengers, it cannot be held liable for allegedly failing to fulfill a duty to provide medical care that it does not owe to passengers, regardless of whether the passengers are on the ship." *Aronson v. Celebrity Cruises, Inc*., 30 F. Supp. 3d 1379, 1395-96 (S.D. Fla. 2014). Thus, Carnival's alleged conduct, under the law, cannot be considered

exceptional circumstances or intentional wrongdoing. Therefore, Plaintiff's request for punitive damages should be stricken/dismissed from the Complaint. *See Doe*, 2012 WL 4479084, at *2 ("A request for punitive damages must be stricken from the complaint if the allegations therein do not present a factual basis supporting the recovery of punitive damages, in other words, factual allegations showing wanton, willful or outrageous conduct."). Accordingly, Carnival respectfully submits that, in addition to the other grounds stated herein, Plaintiff's claim for punitive damages must be dismissed with prejudice.

**WHEREFORE,** Defendant, CARNIVAL CORPORATION, respectfully request this Honorable Court enter an Order dismissing Plaintiff's Complaint, and for all other relief this Court deems just and proper.

Dated: August 12, 2024
Miami, Florida

Respectfully submitted,
**FOREMAN FRIEDMAN, P.A.**

BY: *<u>/s/ Noah D. Silverman, Esq.</u>*
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Noah D. Silverman, Esq. (FBN 401277)
nsilverman@fflegal.com
Cecile von Batemberg, Esq. (FBN 123769)
cvbatemberg@fflegal.com
Morgan E. Granoff, Esq. (FBN 1032783)
mgranoff@fflegal.com
**Foreman Friedman, P.A.**
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-6555
Fax: (305) 374-9077
*Attorneys for the Defendant, Carnival*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on August 12, 2024. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: ***/s/_ Noah Silverman*** ________________
Noah Silverman, Esq.

## SERVICE LIST

| | |
|---|---|
| Eduardo J. Hernandez, Esq.<br>ehernandez@ejh-law.com<br>**Eduardo J. Hernandez, LLC**<br>10691 N. Kendal Drive—Suite 109<br>Miami, Florida 33176<br>Telephone: (305) 567-0910<br>Facsimile: (786) 454-8905 | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Noah D. Silverman, Esq.<br>nsilverman@fflegal.com<br>pcampo@fflegal.com<br>Cecile Casutt von Batemberg, Esq.<br>cvbatemberg@fflegal.com<br>Morgan E. Granoff, Esq. (FBN 1032783)<br>mgranoff@fflegal.com<br>tpaul@fflegal.com<br>**Foreman Friedman, PA**<br>One Biscayne Tower, Suite 2200<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>Phone: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant, Carnival* |