UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MIAMI DIVISION**

**Case No. 1:24-cv-22203-WILLIAMS/GOODMAN**

KARLA COLARTE,

      Plaintiff,

v.

CARNIVAL CORPORATION
      Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS**

Karla Colarte ("Colarte" or "Plaintiff") was a passenger on the *Conquest*, a Carnival Corporation ("Carnival") cruise ship. According to her Complaint [ECF No. 1, ¶ 10], Plaintiff was "walking along Deck 4 of the ship" [on July 21, 2023] while "on her way to breakfast in the Monet Restaurant and as she passed through a hallway into the restaurant, she tripped and fell over an uneven/protruding moulding[1]/ledge which separated the hallway from the restaurant." Colarte alleges that this "raised, uneven, and protruding moulding/ledge was neither open nor obvious to [her] and, after her fall, she noticed that the moulding/ledge was dinged/dented from other pedestrians having

---

[1]    The term "moulding" is the chiefly British spelling of "molding." *See* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary (last accessed Aug. 23, 2024). Because this is the spelling used by Plaintiff in her Complaint [ECF No. 1], the Undersigned will employ it in this Report and Recommendations.

struck it such that it had been in this raised, uneven, and protruding condition for a sufficient period of time to put Defendant on notice of the dangerous conditions."

Plaintiff also claims that, other than taking her vital signs, Carnival refused to treat her or provide her with first aid for her injuries because its medical staff refused to take her insurance and she was unable to pay the mandatory fee for the additional medical care she needed.

Alleging physical, emotional, and economic injuries, and seeking both compensatory and punitive damages, Colarte filed a Complaint against Carnival. The Complaint is broken down into three counts: Count I is for negligence; Count II is for negligent failure to warn; and Count III is for "[n]egligence [i]n [f]ailing [t]o [r]ender [f]irst [a]id," and it seeks punitive damages.

Carnival filed a motion to dismiss, Plaintiff filed a response and Carnival filed a reply. [ECF Nos. 11; 13; 20]. United States District Judge Kathleen M. Williams referred the motion to the Undersigned for a report and recommendations. [ECF No. 14].

Carnival's motion is based on three grounds: (1) Plaintiff's Complaint fails to adequately allege that Carnival was on notice of the purported dangerous condition; (2) Carnival has no duty to provide medical care to its passengers; and (3) punitive damages are unavailable under the scenario at issue here.

For the reasons outlined below, the Undersigned **respectfully recommends** that Judge Williams **grant** the motion **in part** and dismiss the first two counts of the Complaint

2

(albeit **without** prejudice and with **leave** to file an amended complaint). At bottom, though, the first two counts of the Complaint are problematic and inadequate because they are, from a substantive perspective, overly conclusory and devoid of sufficient specific factual allegations. However, the Undersigned finds that the failure-to-render-medical-care allegations of Count III, taken as true, are sufficient to plausibly allege a failure to provide reasonable care (*i.e.*, negligence) and the intentional misconduct required for punitive damages.

I.     **Factual Background (*i.e.*, Plaintiff's Allegations)**

The following allegations concern **all** three counts of Plaintiff's Complaint:

10.     On or about July 21, 2023, Plaintiff was walking along Deck 4 of the ship on her way to breakfast in the Monet Restaurant and as she passed through a hallway into the restaurant, she tripped and fell over an uneven/protruding moulding/ledge which separated the hallway from the restaurant. The raised, uneven, and protruding moulding/ledge was neither open nor obvious to Plaintiff and, after her fall, she noticed that the moulding/ledge was dinged/dented from other pedestrians having struck it such that it had been in this raised, uneven, and protruding condition for a sufficient period of time to put Defendant on notice of the dangerous conditions.

11.     Other passengers on Defendant's ships have previously been injured under similar circumstances where Defendant failed to exercise reasonable care to ensure that similar raised moulding/ledge [sic] did not pose a hazard to pedestrian traffic. *Zarr v. Carnival Corp[.],* Case No. 17-Civ-20312-Altonaga ("[T]he [p]laintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . ."); *Florin v. Carnival Corp[.],* Case No. 18-CIV-22131-Altonaga ("[The] [p]laintiff was walking along the Lido Deck and as she entered one of the restaurants, she tripped over an uneven/protruding metal grate . . . at the entrance to the restaurant.").

12.     As a consequence, Plaintiff sustained injury to her chest, fractures of ribs, bruising of her breasts, and injury to her knee. Although Plaintiff's injuries were such that she necessitated medical care in Defendant's infirmary, beyond taking her vitals, Defendant refused to treat her or provide her with first aid as she was unable to pay. It is Defendant's practice to turn away from its infirmary passengers who are unable to pay. *Hall v. Carnival Corp[.]*, Case No. 21-Civ-20557-Bloom (S.D. Fla. Apr[.] 28, 2021).

13.     As a consequence, Plaintiff also necessitated continued medical care following her return home.

14.     All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

[ECF No. 1, ¶¶ 10–14].

The following allegations concern Count I's negligence theory:

15.     At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.*, 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989), *on remand*, 715 F. Supp. 1069 (M.D. Fla. 1989).

16.     On or about July 21, 2023, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

17.     On or about July 21, 2023, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

     a.     Failure to exercise reasonable care for Plaintiff's safety; and/or

     b.     Failure to provide Plaintiff with a reasonably safe deck area to walk on; and/or

     c.     Failure to properly supervise and control passenger use of the deck area to ensure it was reasonably safe for use by passengers, including Plaintiff; and/or

d.      Failure to inspect, maintain, and monitor the deck area to ensure it was reasonably safe for use by passengers, including Plaintiff; and/or

e.      Allowing a raised, uneven, and protruding moulding/ledge above the deck surface thus creating a trip hazard and rendering the deck unsafe for Plaintiff; and/or

f.      Failure to inspect, maintain, and monitor the raised, uneven, and protruding moulding/ledge which made the deck unsafe for Plaintiff, rendering the deck unsafe for Plaintiff; and/or

g.      Failure to properly repair/replace the raised, uneven, and protruding moulding/ledge despite the fact that the condition had existed for a sufficient period of time as evinced by dings and dents on the moulding/ledge; and/or

h.      Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident [ ] Plaintiff suffered, from happening; and/or

i.      Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by [ ] Plaintiff; and/or

j.      Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident [ ] Plaintiff suffered from happening; and/or Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident [ ] Plaintiff suffered from happening. *Zarr v. Carnival Corp*[.], Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corp*[.], Case No. 18-CIV-22131-Altonaga.

k.      Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident [ ] Plaintiff suffered from happening. *Zarr v. Carnival Corp*[.], Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corp*[.], Case No. 18-CIV-22131-Altonaga.

18.     Defendant created the foregoing conditions causing Plaintiff's accident.

19.     Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. *Zarr v. Carnival Corp*[.], Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corp*[.], Case No. 18-CIV-22131-Altonaga.

20.     The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Zarr v. Carnival Corp*[.], Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corp*[.], Case No. 18-CIV-22131-Altonaga.

21.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

*Id.* at ¶¶ 15–21.

The following allegations concern Count II's failure to warn claim:

22.     At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke (S.D. Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F. Supp. 40 (S.D. Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

23.     On or about July 21, 2023, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a dangerous condition known to Defendant. *Zarr v. Carnival Corp*[.], Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corp*[.], Case No. 18-CIV-22131-Altonaga.

24.     On or about July 21, 2023, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

>   a.      Failure to exercise reasonable care for Plaintiff's safety; and/or

>   b.      Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff; and/or

>   c.      Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge up and above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff, which Defendant had knowledge of and was on notice of; and/or

>   d.      Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge up and above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff, which, in the exercise of reasonable care, Defendant should have had knowledge of and was on notice of.

25.     Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

26.     Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition. *Zarr v. Carnival Corp*[.], Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corp*[.], Case No. 18-CIV-22131-Altonaga.

27.     The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *Zarr v. Carnival Corp*[.], Case No. 17-Civ-20312-Altonaga; *Florin v. Carnival Corp*[.], Case No. 18-CIV-22131-Altonaga.

28.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

*Id.* at ¶¶ 22–28.

The following allegations concern Count III's failure to render first aid claim:

29.     At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances which extends to rendering first aid. *Hall v. Carnival Corp*[.], Case No. 21-Civ-20557-Bloom (S.D. Fla. Apr[.] 28, 2021).

30.     After her fall, Plaintiff presented to Defendant's infirmary for help.

31.     Defendant advertises its infirmaries as "committed to providing the highest quality of shipboard medical care."

32.     However, in Defendant's infirmary, beyond the taking of her vitals, Plaintiff was refused care because she was unable to pay the "consultation fee" for Defendant's physician and/or the fee for x-rays.

33.     Although Plaintiff had medical insurance at the time, Defendant refused to accept it and demanded immediate payment then before it would care for Plaintiff.

34.     Plaintiff described her pain and difficulties breathing (she would come to learn that had [sic] suffered fractures of anterior to anterolateral left 5th to 7th ribs) and pled that she be able to see Defendant's physician, but was nevertheless turned away.

35.     In refusing to provide Plaintiff with first aid, Defendant breached its duty of "reasonable care under the circumstances," not to mention that of simple human decency.

36.     As a consequence of this breach, Plaintiff suffered additional pain and suffering until she was seen at a shoreside emergency room in Lakeland, Florida the following day.

37.    Defendant's refusal to provide Plaintiff with the most basic first aid was intentional, wanton, and willful to the point of being intolerable in a civilized society.

38.    As a direct and proximate result of Defendant's refusal to render first aid, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

*Id.* at 29–38.

**II.    Applicable Legal Standards and Analysis**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, "the court must accept all factual allegations in a complaint **as true** and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (emphasis added).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not "require that a plaintiff specifically plead every element of a cause of action." *Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196, 2009 WL 8659594, at *6 (S.D. Fla. Sept. 14, 2009) (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), which, in turn, cited Jack H. Friedenthal, et al., Civil Procedure, § 5.7 (2d ed. 1993) for the view that "[w]hat the pleader need not do is worry about the particular form of the statement or that it fails to allege a specific fact to cover every element of the substantive law involved.").

To properly plead a claim for negligence under the General Maritime Law of the United States, a plaintiff must allege that: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

To survive a motion to dismiss, a plaintiff must plead sufficient facts to support each element of his direct liability negligence claims (as opposed to vicarious liability), including that the defendant had "actual or constructive notice of [a] risk-creating condition," at least where the risk is one commonly encountered on land and not clearly

10

linked to nautical adventure. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022); *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 212 (2022).

In *Newbauer,* the Eleventh Circuit affirmed a district court's granting of a cruise ship operator's motion to dismiss when the court found that Newbauer failed to provide any factual allegations to support her claim that Carnival had actual or constructive notice of the hazard which allegedly caused her injury. The plaintiff cruise-passenger alleged she was injured when she slipped and fell on a wet, slippery transitory substance on the cruise ship's Lido deck. The passenger filed suit against the cruise ship operator, alleging that it negligently failed to maintain the area and/or warn her of the condition.

In dismissing Newbauer's claims, the district court found that "[n]one of the [p]laintiff's allegations suggest Carnival was on constructive notice, let alone actual notice, of the hazard complained of because the [p]laintiff's complaint fails to satisfy applicable federal pleading standards under Federal Rule 8 and the *Iqbal/Twombly* standard." *Newbauer v. Carnival Corp.*, No. 20-23757-CIV, 2021 WL 723164, at *2 (S.D. Fla. Feb. 24, 2021), *aff'd*, 26 F.4th 931 (11th Cir. 2022). In affirming the district court's decision, the Eleventh Circuit similarly concluded that the passenger "failed to include any **factual** allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly* such that it is facially plausible that Carnival had actual or constructive notice of the dangerous condition." *Newbauer*, 26 F.4th at 935 (emphasis added).

11

More recently, the Eleventh Circuit again reaffirmed the principle that, "to survive [a] motion to dismiss" the plaintiff must "plead sufficient facts to support each element of his claim, including that [the defendant] had actual or constructive notice about the dangerous condition." *Holland*, 50 F.4th at 1095. In *Holland,* the plaintiff cruise-passenger filed suit against the cruise ship operator, alleging he was injured when he slipped and fell while descending a glass staircase in a highly trafficked area of the ship. Holland alleged facts that made it possible that the cruise line had notice of the allegedly dangerous condition, but he failed to provide factual allegations that plausibly suggested the cruise line had notice, actual or constructive, of the dangerous condition. "Simply put, Holland's allegations do not cross the line from possibility to plausibility of entitlement to relief." *Id*. at 1096 (citing *Iqbal,* 556 U.S. at 678).

Plaintiff's Complaint attempts to plead notice in Counts I and II with almost identical notice allegations. However, the allegations cited by Plaintiff are generic, conclusory, speculative, and insufficient to plead that Carnival was on notice (prior to Plaintiff's incident) of a dangerous condition onboard the vessel.

Plaintiff alleges Carnival knew of the conditions because the conditions existed for a sufficient length of time or occurred with sufficient regularity. [ECF No. 1, ¶¶ 10, 19, 20]. These are not factual allegations from which notice may be inferred -- they are threadbare allegations that do not allege specific facts suggesting how Carnival knew or should have known of the specific dangerous condition alleged. Plaintiff primarily

alleges notice based on "the length of time" the condition had been present or the "sufficient regularity" it occurred but has not alleged what the length of time was or how many reoccurrences.

In *Newbauer*, Senior District Judge Robert N. Scola, Jr. addressed an analogous allegation, finding it insufficient to support a contention that the cruise line had notice:

> As [pled], it is impossible for the Court to tell if the hazardous condition the [p]laintiff complains of was present for five seconds, five minutes, or five hours. While the [p]laintiff's complaint makes clear it is *possible* that Carnival was on notice, the [p]laintiff's complaint does not state a claim that is plausible on its face sufficient to survive a motion to dismiss.

2021 WL 723164 (emphasis in original).

Here, Plaintiff's conclusory allegations closely follow those found in *Newbauer* and are similarly unsupported. Even if the alleged dangerous condition had been present for a certain length of time, Plaintiff has also failed to assert facts that Carnival was aware that it posed a danger. *See generally Beck v. Carnival Corp.*, No. 23-24636, 2024 WL 2939074, at *3 (S.D. Fla. June 11, 2024) (granting cruise ship operator's motion to dismiss three counts of direct negligence in lawsuit filed by passenger who tripped and fell while walking down the vessel's gangway for failure to adequately allege notice because the allegations are "conclusory and speculative").

Next, Plaintiff alleges Carnival knew of the dangerous condition through "other passengers on Defendant's ships [that] have previously been injured under similar circumstances". [ECF No. 1, ¶ 11]. Plaintiff lists two incidents involving trip and falls.

[ECF No. 1 ¶ 11]. However, according to Carnival's dismissal motion, a cursory review of the two incidents cited by Plaintiff reveals that neither case involves the same vessel, much less the same area or dangerous condition as alleged by Plaintiff.

This scenario runs afoul of the approach used in *Kendall v. Carnival Corp.*, where the Court emphasized the plaintiff's failure to link other incidents to the specific area or vessel. No. 1:23-CV-22921-KMM, 2023 WL 8593669, at *3 (S.D. Fla. Dec. 8, 2023) (holding that the plaintiff's vague assertions about incidents on entirely different vessels would "constitute a great deviation from Eleventh Circuit precedent requiring a plaintiff to show substantially similar accidents to the one at issue to demonstrate constructive notice").[2]

The Eleventh Circuit recently acknowledged its rules about the importance of properly alleging notice in personal injury lawsuits against cruise ships in *Patton v. Carnival Corp.,* No. 22-13806, 2024 WL 1886504 (11th Cir. Apr. 30, 2024) (affirming order dismissing trip-and-fall complaint arising from an improperly affixed metal threshold extending across a highly trafficked hallway). Therefore, the pleading hurdles highlighted in *Newbauer* and *Holland* remain vital.

---

[2]     The *Kendall* Court dismissed the complaint without prejudice and with leave to amend. 2023 WL 8593669, at *4. The plaintiff filed an amended complaint, followed by a second amended complaint, and the case then settled. *See* [ECF Nos. 19, 35, 48, 49 in No. 1:23-CV-22921-KMM].

So Counts I and II are defective for failure to adequately allege notice with plausible facts, as opposed to conclusory and speculative rhetoric. I, therefore, **respectfully recommend** that Judge Williams **dismiss** (albeit without prejudice) Counts I and II for that reason.

Switching to another challenge to the Complaint (concerning Count III, for failure to provide medical care), the Undersigned notes that Defendant contends that the United States Supreme Court and the Eleventh Circuit (in a non-binding opinion) have previously explained that punitive damages are not available in personal injury-based passenger maritime claims. *See The Dutra Grp. v. Batterton*, 588 U.S. 358 (2019); *Eslinger v. Celebrity Cruises, Inc.*, 772 F. App'x 872 (11th Cir. June 28, 2019) ("Our court has held that plaintiffs may not recover punitive damages . . . for personal injury claims under federal maritime law.") (internal citations omitted) (citing *In re Amtrak Sunset Ltd. Train Crash, etc.*, 121 F.3d 1421, 1429 (11th Cir. 1997)).[3] Based on this authority, Carnival asks that Count III and its punitive damages claim be dismissed with prejudice.

Some courts in our district have previously stricken a plaintiff-passenger's claims for punitive damages under far-more serious factual scenarios than the one involved here. *See Adams v. NCL (Bahamas) Ltd.*, Case No. 20-20438-CIV-UNGARO, ECF No. 18 (S.D. Fla., Apr. 6, 2020) (finding no valid claim for punitive damages against cruise ship

---

[3]     Because the Eleventh Circuit did not select *Eslinger* for publication, it is not binding precedent. It may, however, be "cited as persuasive authority." *See* Fed. R. App. P. 32.1 and 11th Cir. R. 36-2.

operator where the plaintiff alleged two crewmembers drugged her drink without her knowledge and then raped and/or sexually assaulted her in a stateroom because the allegations did not rise to the level of "intentional misconduct" necessary for an "exceptional circumstance" in which punitive damages may be awarded); *see also Doe v. NCL (Bahamas) Ltd.*, Case No. 19-21486-CIV-ALTONAGA/Goodman, ECF No. 45 (S.D. Fla. Aug. 29, 2019) (striking punitive damages claim pursuant to the defendant's motion, which relied on *Eslinger*, concerning a minor cruise ship passenger who alleged she had been sexually assaulted by the defendant's cabin steward).[4]

On the other hand, other courts within our district have held, in post-*Eslinger* decisions, that "punitive damages *may* be available under maritime law upon a showing of the defendant's intentional misconduct." *Hindsman*, 2020 WL 13369050, at *1 (emphasis added). The *Hindsman* Court held that,

> [t]o demonstrate intentional misconduct for the purposes of recovering punitive damages, plaintiffs must show that "the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage."

*Id.* at *2 (citing *Tang v. NCL (Bahamas) Ltd.*, No. 20-cv-20967, 2020 WL 3989125, at *3 (S.D. Fla. July 14, 2020) (quoting *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1220 (11th Cir. 2010))).

---

[4]     But Chief District Judge Cecilia M. Altonaga later receded from this ruling in *Hindsman v. Carnival Corp.*, No. 19-23536, 2020 WL 13369050, *1, n.2 (S.D. Fla. Aug. 6, 2020).

Moreover, as noted, the *Hindsman* Court acknowledged that it was receding from its earlier decision in *Doe v. NCL (Bahamas) Ltd*, No. 19-cv-21486, where it struck a punitive damages prayer for relief in a maritime personal injury case.

Plaintiff's personal injury-based claims are governed by U.S. maritime law, and her claim of being refused medical care at the ship's infirmary/medical clinic may not warrant punitive damages under binding Eleventh Circuit precedent. *See also Simpson v. Carnival Corp.*, No. 20-25253, 2021 WL 6428172, at *1 (S.D. Fla. Dec. 28, 2021) ("Binding Eleventh Circuit precedent unequivocally precludes the recovery of punitive damages in a negligence case . . . for personal injuries under general maritime law.") (Scola, J.).

Although, as noted, there are some courts within our district which have permitted punitive damages in maritime personal injury complaints, the permitted exception applies only when *intentional* wrongdoing can be demonstrated. *See McIlwain v. Royal Caribbean Cruises, Ltd.*, No. 22-cv-24025, 2023 WL 4117109 at *6 (S.D. Fla. June 20, 2023) (citing cases); *see also Escutia v. Carnival Corp.*, No. 23-24230, 2024 WL 1931703 at*18 (S.D. Fla. Mar. 13, 2024) ("[T]here are some Courts in our District which have allowed punitive damages claims in personal injury cases under maritime law after *Eslinger*, but they have done so only in 'exceptional circumstances' upon a showing of 'intentional misconduct' by a defendant.").

At bottom, there is **"an intra[-]district split** on whether punitive damages are allowed in maritime cases." *McIlwain,* 2023 WL 4117109, at *6 (emphasis added).

17

Setting aside the observation that punitive damages may not be available under *Eslinger*, which is not actually "the law" in our Circuit (as it is an unpublished opinion), pre-*Eslinger* authority could lead to the same conclusion here, as Carnival contends that Plaintiff has not pled conduct on its part which would warrant punitive damages.

Under the pre-*Eslinger* line of case law, a plaintiff may recover punitive damages only "where the plaintiff's injury was due to the defendant's 'wanton, willful, or outrageous conduct.'" *Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620, 2011 WL 3703329 at *7 (S.D. Fla. Aug. 23, 2011) (quoting *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009)); *Cf. Norwegian Cruise Lines, Ltd. v. Zareno*, 712 So. 2d 791, 794 (Fla. 3d DCA 1998) (in order to award punitive damages in a maintenance and cure case against the shipowner, the plaintiff must shows "substantive evidence of willful, callous, or egregious conduct" by the shipowner).

A court should strike or dismiss a punitive damages request when the substance of the allegations does not demonstrate that the alleged misconduct rises to the level necessary to support the remedy. *See Baker v. Carnival Corp.*, No. 06-21527, 2006 WL 3519093, at *5 (S.D. Fla. Dec. 5, 2006) (striking the plaintiff's request for punitive damages against a cruise ship operator in a rape case because the allegations did not rise to the then applicable standard).

Here, the issue is whether Carnival's conduct -- refusing to provide medical care to an injured passenger because she had insurance but could not pay the mandatory clinic

fee -- meets the intentional misconduct standard for a punitive damages claim. *See Noon v. Carnival Corp.*, No. 18-23181-Civ-WILLIAMS/TORRES, 2019 WL 3886517, at *13 (S.D. Fla. Aug. 12, 2019) (concluding that "[the] [p]laintiff may only recover punitive damages upon a showing of intentional misconduct"); *Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1353–54 (S.D. Fla. 2019) (applying intentional misconduct standard to claim for punitive damages). *See also Hall v. Carnival Corp.*, 536 F. Supp. 3d 1306 (S.D. Fla. 2021).

Carnival's motion contends that it had no duty to provide medical care. The Undersigned disagrees that this principle precludes the instant claim, at least for purposes of evaluating a motion to dismiss, where the allegations are deemed true.

Carnival relies upon *Aronson v. Celebrity Cruises, Inc.*, for the argument that a cruise ship has no duty to provide doctors or other medical personnel to its passengers and therefore cannot be held liable for allegedly failing to provide medical care that it does not owe to passengers. 30 F. Supp. 3d 1379, 1395–96 (S.D. Fla. 2014). But the Undersigned doubts whether this view would preclude the claim here after *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014). In *Franza*, the Court determined that the plaintiff could sue the shipowner for medical negligence under an apparent agency theory and noted that, "with no land on the horizon, a passenger who falls ill aboard a cruise ship has precious little choice but to submit to onboard care. The hard reality is that, at least in the short term, he may have literally nowhere else to go." *Id.* at 1242 (citing,

*Fairley v. Royal Cruise Line Ltd.*, 1993 A.M.C. 1633, 1638 (S.D. Fla. 1993) (referring to sick or injured passengers as a "captive audience" whose "only resort" is onboard medical staff)).[5]

*Aronson* involved a cruise ship passenger who sustained injuries in a fall from a rope bridge in Dominica while on a shore excursion arranged for passengers traveling on a cruise ship owned and operated by Celebrity Cruises, Inc. The Complaint alleged (¶ 22n) that Celebrity was negligent for "failing to provide proper emergency medical care." In other words, the claim was for failure to provide any care at all in connection with an off-ship excursion. Here, however, Carnival had medical care available on the ship and in fact provided it to customers who could pay the fee, which is an entirely different circumstance.

In addition, *Aronson* relied on *Barbetta v. S/S Beremuda Star*, 848 F.2d 1364, 1369–72 (5th Cir. 1988) for a "so-called rule" which immunizes a shipowner from respondeat superior liability whenever a ship's employees render negligent medical care to its passengers -- but which the *Franza* Court specifically declined to adopt "because [it] can no longer discern a sound basis in law for ignoring the facts alleged in individual medical malpractice complaints and wholly discarding the same rules of agency that we have applied so often in other maritime tort cases." 772 F.3d at 1238.

---

[5]   *Franza*, a binding Eleventh Circuit case, was issued on November 10, 2014; *Aronson*, a non-binding district court case, was issued on May 9, 2014 (months before *Franza*, which provided a comprehensive history of cruise ship litigation).

Moreover, the claim here is not that Carnival failed to have any medical services available on its ship. In fact, it had an on-board medical clinic/infirmary, and its staffers provided some initial medical care to Plaintiff when they took her vital signs. They simply refused to provide any *additional* medical care when they refused to accept her insurance and Plaintiff could not then immediately pay the additional fee.

Having decided to provide and staff an infirmary on the ship, Carnival cannot avoid liability here, when it allegedly failed to act reasonably by simply parroting an outdated rule that cruise ship operators have no duty to provide medical service. "[U]nder maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances." *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015). "A carrier owes its sick and injured passengers a duty to exercise 'reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances[.]'" *Mumford v. Carnival Corp.*, 7 F. Supp. 3d 1243, 1248 (S.D. Fla. 2014).

The *Hall* Court, evaluating a similar fact pattern, found that the allegations were sufficient to state a negligence claim, based on Carnival's "failure to exercise reasonable care to a sick or injured passenger like Plaintiff." 536 F. Supp. 3d at 1311.

Having determined that Plaintiff stated a negligence claim, we now turn to the punitive damages issue, which requires a ruling on whether Carnival's conduct was plausibly alleged to be intentional misconduct.

21

"To demonstrate 'intentional misconduct' for the purposes of recovering punitive damages," Plaintiff must show that "the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." *Bonnell v. Carnival Corp.*, 13-CV-22265, 2014 WL 12580433, at *4 (S.D. Fla. Oct. 23, 2014) (citing *Mee Indus,* 608 F.3d at 1220).

Similar to the fact pattern in *Hall,* a passenger here was refused medical care by Carnival's medical staff because the medical staff refused to accept her insurance and she could not pay the applicable "consultation fee." As analyzed by the *Hall* Court, the requisite intentional misconduct was plausibly alleged when a passenger sustained an injury significant enough to result in a need for medical care but was refused medical treatment solely because of a financial issue. Here, Plaintiff described her pain -- caused by an injury to her chest, fractured ribs, bruising of her breasts and a knee injury -- and her difficulty in breathing (*i.e.,* she would later learn that she had suffered multiple rib fractures) but was still refused treatment.

Indeed, the Complaint alleges that she "pled" to see a physician but "was nevertheless turned away." [ECF No. 1, ¶ 34].

Given these allegations, the count adequately alleges the intentional misconduct[6] necessary to sustain a claim for refusal to provide medical care, which, if proven, could justify punitive damages.

## III.  Conclusion

The Undersigned **respectfully recommends** that Judge Williams **grant in part** Carnival's motion to dismiss and dismiss part of the Complaint, albeit **without prejudice** and with **leave** to amend. Specifically, Judge Williams should dismiss Counts I and II without prejudice and with leave to amend. But the Court should **deny** the dismissal motion concerning Count III.

## IV.  Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

---

[6]     Plaintiff's Count III is entitled "Negligence [i]n Failing [t]o Render Aid," but the text alleges "intentional, wanton, and willful" misconduct "to the point of being intolerable in a civilized society." [ECF No. 1, ¶ 37].

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

   **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, August 23, 2024.

            _____

            Jonathan Goodman
            UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record