UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:24-cv-22203-KMW

KARLA COLARTE,

Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

Defendants.

______________________________________/

**DEFENDANT, CARNIVAL CORPORATION'S MOTION TO STRIKE AND/OR DISMISS AMENDED PLAINTIFF'S COMPLAINT**

DEFENDANT, CARNIVAL CORPORATION., ("CARNIVAL"), by and through undersigned counsel and pursuant to the applicable Rules of Civil Procedure, hereby files its Motion to Strike and/or Dismiss Plaintiff's Amended Complaint [D.E. 26], and in support thereof states as follows:

**INTRODUCTION**

This is a maritime action brought by KARLA COLARTE, ("Plaintiff"), wherein Plaintiff alleges that on July 21, 2023, while she was a passenger onboard the *Carnival Conquest*, ("the vessel") while walking along Deck 4 of the ship on her way to breakfast in the Monet Restaurant and as she passed through a hallway into the restaurant, she tripped and fell over an uneven/protruding molding/ledge which separated the hallway from the restaurant and suffered injuries. [D.E. 26 ¶ 10]. Plaintiff alleges the following claims: (Count I) Negligence, (Count II)

Failure to Warn, Vicarious Liability for Negligent Maintenance (Count III), Vicarious Liability for Failure to Warn (Count IV), and Negligence in Failing to Render First Aid (Count V). Plaintiff's Amended Complaint should be stricken and/or dismissed for the reasons set forth below.

## MEMORANDUM OF LAW

### I. This Action is Governed by U.S. Maritime Law

The present action arises under United States general maritime law. Incidents occurring on the navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See e.g., Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741F.2d 1332, 1334 (11th Cir. 1984). It is well settled that the law governing passenger suits against cruise lines is general maritime law. *See e.g.,* Schoenbaum, Thomas J., *Admiralty and Maritime Law* §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Here, according to the allegations of the Complaint, Plaintiff was injured while allegedly walking along Deck 4 of the vessel on her way to breakfast in the Monet Restaurant as she passed through a hallway into the restaurant, tripping over an uneven/protruding molding/ledge which separated the hallway from the restaurant, suffering injuries. [D.E. 26 ¶ 10]. Moreover, Plaintiff agrees that "[t]he causes of action asserted in this Complaint arise under General Maritime Law of the United States." [D.E. 26 ¶ 6].

### II. Standard for Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The pleading standard in Rule 8 demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009). "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."); *Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355, 1358 (S.D. Fla. 2010) (holding that "a complaint may be dismissed if the facts as pleaded fail to state a claim to relief that is plausible on its face."). Furthermore, a complaint is also insufficient if it tenders naked assertions devoid of further factual enhancement. *Id.*

## III. Standard for Motion to Strike

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (citations omitted); *see also Gandhi v. Carnival Corp.*, No. 13-24509-CIV, 2014 WL 1028940, at *2 (S.D. Fla. 2014) ("The purpose of a motion to strike is 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'") (citation omitted); *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F. 3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

## IV. Counts III and IV of Plaintiff's Amended Complaint Should Be Stricken as the Amendments are Outside the Scope of the Court's Allowed Leave

Counts III and IV of Plaintiff's Amended Complaint should be stricken as the counts are outside the scope of the allowed amendment pursuant to this Honorable Court's Order on

Carnival's Motion to Dismiss Plaintiff's Complaint. Following the period for amending a pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent *or the court's leave.*" Fed. R. Civ. P. 15(a)(2) (emphasis added). Rule 12(f) allows "any redundant, immaterial, impertinent, or scandalous matter" to be stricken from a pleading. Allegations outside the scope of allowed amendment are considered "redundant" and may be stricken under Rule 12(f). *See U.F. C. W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007) (*citing McKeever v. Israel*, 476 F. Supp. 1370, 1374(E.D. Wis. 1979)); *Int'l Bhd of Teamsters v. Amerijet Int'l Inc.*, —— F. Supp. 2d ——, No. 12-60654-CIV, 2013 WL 1131650, at * 1 n.1 (S.D. Fla. Mar. 18, 2013).

Plaintiff's initial Complaint included three counts: (Count I) Negligence, (Count II) Failure to Warn, and Negligence in Failing to Render First Aid (Count III). [D.E. 1]. In his Report and Recommendations, the Honorable U.S. Magistrate Jonathan Goodman recommended this Honorable Court "dismiss Counts I and II without prejudice and with leave to amend." [D.E. 21 at pg. 23]. Thereafter this Honorable Court affirmed and adopted U.S. Magistrate Goodman's Repot and Recommendation and ordered "Count I and II of Plaintiff's Complaint without prejudice…Plaintiff may file an amended complaint that remedies the defects identified in the Complaint." [D.E. 25 at pg. 2]. Plaintiff filed her Amended Complaint including the three original counts as well as two new counts – Vicarious Liability for Negligent Maintenance (Count III) and Vicarious Liability for Failure to Warn (Count IV). [D.E. 26]. However, neither the Report and Recommendation [D.E. 21] nor the Order [D.E. 25] allow leave to include two additional counts. Rather the Court allowed amendments solely to remedy the defects in Counts I and II.

"A limited grant of leave to amend does not entitle [a plaintiff] to amend the complaint outside the scope of that leave." *T.J. McDermott Transp. Co. v. Cummins, Inc.*, 2017 WL 11476192, at *2

(D.N.J. Jan. 17, 2017). As Counts III and IV of Plaintiff's Amended Complaint "exceeds the scope of an allowed amendment," the appropriate remedy is to strike the unauthorized amendments under Federal Rule of Civil Procedure 12(f). *UFCW Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007); *see* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter."). Use of Rule 12(f) is appropriate ... because to hold otherwise would circumvent "the requirement that a plaintiff seek leave before amending its complaint." *UFCW*, 240 F.R.D. at 154. Given the Court allowed leave to amend to make specific amendments (i.e., remedy the defects in Counts I and II), Plaintiff's inclusion of two entirely new counts violate Rule 15(a) and therefore should be stricken.

## V. Plaintiff's Vicarious Liability Claims (Counts III and IV) are Duplicative and Should be Stricken

Notwithstanding Plaintiff impermissibly including Counts III and IV outside the scope of this Court's Order, Plaintiff's vicarious liability claims are duplicative of other claims in that they do not set out separate, distinct, and/or independent causes of action, and do not expose Carnival to any additional liability. Therefore, Counts III and IV should also be stricken on these grounds.

For instance, in Count II (Failure to Warn), Plaintiff asserts she was injured due to Carnival and/or its agents, employees, and/or servants failure to: "exercise reasonable care for Plaintiff's safety…warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge/grading above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff…" [D.E. 26 ¶24]. In Count IV, not only are Plaintiff's allegations duplicative, but Plaintiff's allegations are verbatim the same allegations as those in Count II. Specifically, Plaintiff asserts that Carnival and/or its agents, servants, and/or employees were negligent in their failure to "exercise reasonable care for Plaintiff's safety…warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge/grading above the

deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff…" [D.E. 26 ¶ 42].

Similarly, Plaintiff's Vicarious Liability for Negligent Maintenance claim (Count III) is duplicative of Plaintiff's Negligence claim (Count I). In Count I, Plaintiff alleges Carnival is vicariously liable for the negligent acts and/or omissions of its crewmembers for failing to *inter alia*: use reasonable care for Plaintiff's safety; provide a reasonably safe deck to walk on; properly supervise and control passenger use of the deck area; inspect, maintain, and monitor the deck area; properly repair/replace the raised, uneven, and protruding moulding/ledge/grading; comply with safety codes and standards; implement available safety and ergonomic standards; and take steps as a result of prior incidents. [D.E. 26 ¶ 17]. Plaintiff restates the same allegations in Count III. [D.E. 26 ¶ 34]. Accordingly, Counts III and IV do not state independent causes of action, do not expose Carnival to any additional liability, and are simply reiterations of the allegations in Counts I and II, in which Plaintiff also seeks to hold Carnival vicariously liable for the purported negligence of its crewmembers.

In *Gonzales v. Carnival Corporation*, the Court struck the plaintiff's vicarious liability claim for this very reason. *Gonzales v. Carnival Corp*., No. 20-CV-22342-UU, 2020 WL 13369794, at *2 (S.D. Fla. Aug. 26, 2020). In *Gonzales*, the plaintiff asserted causes of action for Negligent Failure to Maintain Premises (Count VI) and Negligent Failure to Warn of Dangerous Conditions (Count III). And, as Plaintiff has done here, the plaintiff also asserted a separate cause of action for vicarious liability for the negligence of crewmembers. The Court struck the plaintiff's vicarious liability claim, finding that it was duplicative, redundant, and unnecessary because a cruise line can only be negligent through the alleged acts and/or omissions of its employees. Specifically, the court held:

> The Court agrees with Defendant that Plaintiff's stand-alone claim for vicarious liability is redundant and does not state an independent cause of action. In Count V, Plaintiff alleges that 'Defendant is vicariously liable for its crew members' negligent acts of failing to inspect, clean, maintain, warn passengers of wet and/or other dangerous conditions, and/or failing to do other activities to help make sure the subject deck, surface, walkway, area, and the vicinity were safe.' These allegations of breach are identical to the allegations under Plaintiff's claims for Negligent Failure to Warn of Dangerous Conditions (Count III) and Negligent Failure to Maintain Premises (Count VI). And Plaintiff's allegations in Counts III and VI clearly establish that Plaintiff is proceeding under a vicarious liability theory. As such, the Court will strike Count V as redundant.

*Id*. at *2; *see also Giambra v. Wendy's Intern., Inc.*, No. 8:08-cv-2016-T-27EAJ, 2009 WL 1686677, at *2 (M.D. Fla. June 16, 2009) (dismissing a negligent supervision claim as "duplicative" of a respondeat superior claim when both claims were based on the same facts of alleged negligence); *Shaw v. Pizza Hut of America, Inc.*, No. 8:08-CV-27-T-24-EAJ, 2009 WL 1519881, at *1 (M.D. Fla. June 1, 2009) (dismissing the plaintiff's negligent hiring claim with prejudice as duplicative of her direct negligence claim because it did not expose the defendant to any additional liability).

Like in *Gonzales*, Carnival here could only have been negligent through the purported acts and/or omissions of its crewmembers. Given that Plaintiff asserts in Counts I and II that Carnival is liable for the purported negligence of its crewmembers [D.E. 26 ¶¶ 16, 17, 23, 24], Counts III and IV are duplicative, redundant, unnecessary, do not expose Carnival to any additional liability, and do not set forth independent causes of action. Therefore, Counts III and IV should be stricken on this basis as well as being outside the scope of the allowable leave to amend.

## VI. Plaintiff's Negligence Claims (Counts I and II) Should be Dismissed.

Despite Plaintiff's attempts to remedy the deficiencies in the initial Complaint, Plaintiff's negligence claims (Negligence, Failure to Warn, Failure to Render First Aid) against Carnival are still defective and should be dismissed. To prevail on a claim of negligence, Plaintiff must establish

that: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Pursuant to federal maritime law, the duty of care that cruise operators owe passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition.'" *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

As in her initial Complaint, Plaintiff alleges Carnival created the conditions causing Plaintiff's accident. [D.E. 26 ¶¶ 20, 27] However, Plaintiff continues to not include any specific supporting facts in her Complaint. Therefore, this is nothing more than a "bare bones" conclusory allegation and does not comport with the requirements of *Twombley*. Additionally, even if Carnival "created" the allegedly dangerous condition, which it denies, Plaintiff is still required to assert facts that show Carnival had notice of the condition. As discussed in Carnival's Motion to Dismiss the initial Complaint, the Eleventh Circuit has held that "creating" or "allowing" a dangerous condition does not eliminate a plaintiff's requirement to provide facts to show that a defendant had notice of an allegedly dangerous condition. "[A]dmiralty law[] require[s] that a cruise ship must have notice of the dangerous condition." *Malley v. Royal Caribbean Cruises Ltd.*, 2017 U.S. App. LEXIS 22497, *11 (11th Cir. Nov. 9, 2017) (*citing Keefe*, 867 F.2d at 1322) (holding that the creation of a high coaming which caused the plaintiff to fall on the ship did not negate the plaintiff's burden to show that the defendant cruise line had notice of the alleged risk posed by the coaming); *Pizzino v. NCL (Bahamas) Ltd.*, 16-cv-16812, 2017 WL 4162194, at *4 (11th Cir. Sept. 20, 2017). Plaintiff has still not sufficiently alleged Carnival knew or should have known of any dangerous condition. As set forth below, Plaintiff's negligence claims should be dismissed by this Honorable Court.

### A. Plaintiff failed to sufficiently allege Carnival was on notice of a dangerous condition

Plaintiff's Amended Complaint attempts to plead notice in Counts I and II with almost identical notice allegations. However, as in the original Complaint, the allegations cited by Plaintiff in her Amended Complaint are generic, conclusory, speculative, and insufficient to plead Carnival was on notice (prior to Plaintiff's incident) of a dangerous condition onboard the vessel. *See Navarro v. Carnival Corp.*, No. 19-cv-21072, 2020 WL 1307185, at *3 (S.D. Fla. Mar. 19, 2020) ("[A]side from the conclusory allegation that [the cruise line] 'was or should have been aware' of the risk creating condition—there are no factual allegations supporting conclusion that [the cruise line] knew of this risk creating condition…"); *Twombly*, 550 U.S. at 545 ("A complaint must allege facts sufficient "to raise a right to relief above the speculative level.").

First, as it relates to her trip and fall, Plaintiff alleges Carnival knew of the conditions because the conditions existed for a sufficient length of time or occurred with sufficient regularity. [D.E. 26, ¶¶ 10, 20, 27]. As noted by this Honorable Court, these are not factual allegations from which notice may be inferred – but rather threadbare allegations that recite no facts suggesting how Carnival knew or should have known of the specific dangerous condition alleged. [D.E. 21 at pgs. 12-13]. Plaintiff alleges the dents/dings on the moulding/ledge/grading existed before the morning of Plaintiff's incident because she did not observe another pedestrian strike it that morning. [D.E. 26 ¶ 10]. However, in the same paragraph, Plaintiff alleges she tripped and fell while walking to breakfast and that she noticed the dinged/dented *after* she fell. *Id.* Therefore, Plaintiff's argument that the dangerous condition existed for a sufficient amount of time is disingenuous and an unwarranted deduction. *Patton v. Carnival Corp.,* No. 22-13806, 2024 WL 1886504, at *3 (11th Cir. Apr. 30, 2024).

As noted in Honorable U.S. Magistrate Goodman's Report and Recommendations, Plaintiff's allegations are analogous to those in *Newbauer v. Carnival Corp.*, wherein Judge Scola found the allegations insufficient to support a contention that the cruise line had notice. *Newbauer v. Carnival Corp.,* No. 20-23757-CIV, 2021 WL 723164, at *3 (S.D. Fla. Feb. 24, 2021), *aff'd,* 26 F.4th 931 (11th Cir. 2022). Here, Plaintiff's conclusory allegations closely follow those found in *Newbauer* and are similarly unsupported. Even if the alleged dangerous condition had been present for a certain length of time, Plaintiff has also failed to assert facts that Carnival was aware that it posed a danger. *Beck v. Carnival Corp.,* No. 23-24636-CIV, 2024 WL 2939074, at *3 (S.D. Fla. June 11, 2024) (granting cruise ship operator's motion to dismiss as plaintiff failed to "provide a factual basis to support that crewmembers were aware of the claimed dangerous condition or even how the crewmembers would have known that the condition was dangerous").

Next, Plaintiff alleges Carnival knew of the dangerous condition through "other passengers on Defendant's ships [that] have previously been injured under similar circumstances". [D.E. 26, ¶¶ 11, 17, 19, 20, 23, 26, 27, 34]. However, Plaintiff's allegations in the Amended Complaint suffer from the same deficiencies as in her original Complaint. Specifically, as in the original Complaint, <u>**none**</u> of cases cited by Plaintiff deal with the same vessel, much less the same area or dangerous condition as alleged by Plaintiff. As in *Kendall*, Plaintiff failed to plead any facts or circumstances to show how these incidents establish that Carnival was on notice of the risk-creating condition **specific to the subject area or vessel**. *Kendall v. Carnival Corp.,* No. 1:23-CV-22921-KMM, 2023 WL 8593669, at *3 (S.D. Fla. Dec. 8, 2023) (holding that Plaintiff's vague assertions about incidents on entirely different vessels would "constitute a great deviation from Eleventh Circuit precedent requiring a plaintiff to show substantially similar accidents to the one at issue to demonstrate constructive notice."); s*ee also Polanco v. Carnival Corp*., No. 10-21716-CIV, 2010

WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (Alleged prior incidents insufficient to establish notice because, "[t]here are also no details about similar past incidents that [the cruise line] allegedly failed to investigate. What were the incidents? …How did [the cruise line] learn of the incidents? The complaint is bereft of information on these material issues."). This failure to allege factual allegations regarding the prior incidents is exacerbated by Plaintiff failing to specify the material of moulding/ledge that she alleges she tripped and fell over.[1] Plaintiff's Amended Complaint makes it clear that the three priors cited by Plaintiff all regard different types of flooring: *Patton* regards a metal threshold, *Johnson* regards a gap between carpet and metal nosing, and *Zarr* regards wooden grading. [D.E. 26, ¶¶ 11, 17, 19, 20, 23, 26, 27, 34]. Therefore, Plaintiff's allegations require the Court to hold that Carnival has constructive notice of a dangerous condition based on three (3) prior incidents in a span of six (6) years, on entirely different ships, and on entirely different types of raised ledges or flooring. As noted by this Honorable Court in the Report and Recommendations on Carnival's Motion to Dismiss Plaintiff's Complaint [D.E. 21 at pg. 14], this runs afoul of the approach used by Judge Moore in *Kendall*.

Lastly, Plaintiff's allegations regarding Carnival's policies to monitor and inspect the areas are also insufficient to impute notice on Carnival. Merely alleging that Carnival should have detected the presence of a dangerous condition is insufficient to plead notice. Courts in this district consistently hold that such generalized notice allegations regarding cruise lines' "inspections" and maintenance are insufficient to establish notice. *See Bencomo v. Costa Crociere S.P.A. Co.*, No. 10-62437-CIV, 2011 WL 13175217, at *3 (S.D. Fla. Nov. 14, 2011) (rejecting the argument that

---

[1] Carnival pointed out in its Reply in Support of the Motion to Dismiss Plaintiff's Complaint that Plaintiff failed to specify the material of the dangerous condition [D.E. 20 at pg. 4 fn. 1]. Plaintiff's continued failure to include factual allegations is another example of Plaintiff's Amended Complaint suffering from the same deficiencies as the initial Complaint.

"the Defendant must have known of the dangerous condition because Defendant regularly maintained the area."), aff'd, 476 F. App'x 232 (11th Cir. 2012); *see also Baker v. NCL Am., LLC*, No. 1:19-CV-24442-JLK, 2020 WL 4696578, at *2 (S.D. Fla. Jan. 24, 2020) (dismissing Plaintiff's Complaint as Plaintiff's notice allegations concerning regular cleaning of deck floors was conclusory and not allegations of fact). Accordingly, Plaintiff has failed to sufficiently plead that Carnival had notice of the risk-creating condition alleged to have caused injury, and Carnival respectfully submits that the Court should dismiss Counts I and II.

**WHEREFORE**, Defendant, Carnival, respectfully request this Honorable Court to enter an Order striking and/or dismissing Plaintiff's Amended Complaint, and for all other relief this Court deems just and proper.

Dated: September 26, 2024
Miami, Florida

Respectfully submitted,
**FOREMAN FRIEDMAN, P.A.**

BY: */s/ Cecile von Batemberg, Esq.*
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Noah Silverman, Esq. (FBN 401277)
nsilverman@fflegal.com
Cecile von Batemberg, Esq. (FBN 123769)
cvbatemberg@fflegal.com
**Foreman Friedman, P.A.**
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-6555
Fax: (305) 374-9077
*Attorneys for Defendant*
*Carnival Corporation.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on September 26, 2024. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: ***/s/ Cecile von Batemberg, Esq.***
Cecile von Batemberg, Esq.

## SERVICE LIST

| | |
|---|---|
| Eduardo J. Hernandez, Esq.<br>ehernandez@ejh-law.com<br>**Eduardo J. Hernandez, LLC**<br>10691 N. Kendall Drive- Suite 109<br>Miami, Florida 33176<br>Tel: 305-567-0910/ Fax: 786-4548905<br>*Counsel for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Noah D. Silverman, Esq.<br>nsilverman@fflegal.com<br>pcampo@fflegal.com<br>Cecile von Batemberg, Esq.<br>cvbatemberg@fflegal.com<br>**Foreman Friedman, PA**<br>One Biscayne Tower, Suite 2630<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>Phone: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant, Carnival Corporation.* |