UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-CIV-22203-WILLIAMS

KARLA COLARTE,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.

______________________________________/

**PLAINTIFF'S, KARLA COLARTE'S,**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**
**AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, KARLA COLARTE ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 15, hereby files this, her Motion for Leave to File Amended Complaint, and in support thereof states:

1. This matter presents a maritime personal injury action. On July 21, 2023, Plaintiff was walking along Deck 4 of the ship on her way to breakfast in the Monet Restaurant and as she passed through a hallway into the restaurant, she tripped and fell over an uneven/protruding moulding/ledge/strip which separated the hallway from the restaurant. The raised, uneven, and protruding moulding/ledge/strip was neither open nor obvious to Plaintiff. Further, after her fall, Plaintiff observed that the moulding/ledge/strip was dinged/dented from other pedestrians having struck it such that it had been in this raised, uneven, and protruding condition for a sufficient period of time to put Defendant on notice of the dangerous conditions – as Plaintiff did not observe another pedestrian strike the moulding/ledge/strip that morning, the condition had existed for a length of time in excess of the morning of Plaintiff's incident. Further, the top of the moulding/ledge/grading was indented down evincing that Defendant's employees had attempted

to push it back down to its proper position but had done so negligently and improperly.

2. The deadline to amend pleadings is **October 4th.**

3. **On September 9th**, Defendant responded to Plaintiff's Initial Interrogatories and in these answers Plaintiff first learned that pursuant to Defendant's procedures, "*the subject area is monitored by Hotel Stewards assigned to the area*" and "*Housekeeping Team Members visually inspect the area during the course of this routine cleaning*."

4. Further, **on or about September 11th**, the undersigned learned that the top of the subject moulding/ledge/strip was damaged on the top evincing that Defendant's employees had attempted to push or hammer it back down to its proper position but had done so negligently and improperly.

5. Both of these pieces of evidence directly implicate the negligence of Defendant's employees for which Defendant is vicariously liable. *Yusko v. NCL (Bahamas) Ltd.*, Case No. 20-10452 (11th Cir. 2021); *Elardi v. Royal Caribbean Cruises Ltd.*, 2021 WL 7367291 (S.D.Fla. 2021). In this vein, it is important to note that Plaintiff may plead claims for vicarious liability in the alternative to claims for direct negligence. On the is very issue, it has been recently held:

> [A] plaintiff is "entitled to plead [vicarious-liability] claims in the alternative" to her direct-liability claims for negligent maintenance or negligent failure to warn. *See Benson v. Carnival Corp.*, 2024 WL 964235, at *4 (S.D.Fla. Mar. 6, 2024) (Scola, J.); *see also Hostert v. Carnival Corp.*, 2022 WL 22393202, *3 (S.D.Fla. Aug. 10, 2022) (Graham, J.) (same); *Coletti v. Carnival Corp.*, 2024 WL 580355, at *3 (S.D.Fla. Feb. 13, 2024) (Bloom, J.) ("Consistent with *Yusko*, [p]laintiff alleges negligent maintenance (Count IV), negligent failure to correct (Count V), and negligent failure to warn (Count VI) claims under both theories [of liability]. *Yusko* accordingly provides no support for dismissing Counts IV–VI simply because the [c]omplaint also alleges those claims based on a theory of vicarious liability." (cleaned up)). In any event, vicarious liability claims and direct-liability claims aren't duplicative of one another. In direct-liability claims, after all, the plaintiff must show that the defendant had notice of the dangerous condition—a requirement that same plaintiff doesn't have to prove in her vicarious-liability claim. *See, e.g.*, *Green*, 614 F.Supp.3d at 1266 ("[P]laintiffs are generally not required to allege actual or constructive notice of the danger to assert claims of vicarious liability."). At this stage of the case, then, we see no reason to preclude the Plaintiff from proceeding with her theory that Carnival is "vicariously liable for the negligent acts and omissions of an identified crewmember employee, a

> photographer's assistant whose negligence contributed to Ms. Branyon's trip and fall."

*Branyon v. Carnival Corp.*, Case No. 24-Civ-2076-Altman (S.D.Fla. June 24, 2024) (Order Denying Motion to Dismiss) (citations in original).

6. Finally, **on September 9th,** the Court entered an Order adopting Magistrate Goodman's R&R on Defendant's Motion to Dismiss and permitting Plaintiff to "file an amended complaint that remedies the defects identified in the Complaint" by September 13th. The Court's Order does not confine Plaintiff to only amending Counts I and II of the original Complaint.

7. Despite the fact that Plaintiff timely filed her Amended Complaint prior to the deadline imposed by the Court's Order and prior to the pre-trial amendment deadline, in its Motion to Dismiss of September 26th, Defendant seeks dismissal of Counts III (Vicarious Liability for Negligent Maintenance) and IV (Vicarious Liability for Failure to Warn) of Plaintiff's Amended Complaint, in part, on grounds that these new counts are "outside the scope of the allowed amendment."

8. Accordingly, Plaintiff files the present Motion in an abundance of caution and her Amended Complaint (filed on September 12th) is attached as **Exhibit A**.

9. The granting of this Motion will not prejudice Defendant and will not affect any pre-trial deadline or the trial date.

10. Plaintiff's Motion for Leave to File Amended Complaint is sought in good faith and is not for the purpose of delay.

WHEREFORE, Plaintiff, KARLA COLARTE, respectfully moves the Court for entry of an Order nunc pro tunc to September 12, 2024 permitting the new causes of action contained in Plaintiff's Amended Complaint.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Undersigned counsel certifies that he conferred in writing on September 30th, October 1st, and October 2nd and telephonically on October 2nd with counsel for Defendant, and the Motion is opposed.

## MEMORANDUM OF LAW

FRCP 15(a)(2) provides that the court "freely allow" amendments of a complaint when "justice so requires." *Spanish Broadcasting System of Fla., Inc., v. Clear Channel Communications, Inc.*, 376 F.3d 1065 (11th Cir. 2008) (leave to amend must be granted absent a specific, significant reason for denial); *Drury v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist.Lexis 99453 (M.D.Fla. 2008) (allowing amendment to clarify claims against the defendants where discovery was in its initial phase and the plaintiff had not abused the privilege of amendment.)

Date: October 2, 2024

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiff*
10691 N. Kendall Drive - Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By: */s/ Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No. 061451
ehernandez@ejh-law.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on October 2, 2024, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ *Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No.: 061451
ehernandez@ejh-law.com

**SERVICE LIST**

**Eduardo J. Hernandez**
Florida Bar No. 061451
ehernandez@ejh-law.com.com
EDUARDO J. HERNANDEZ, LLC
10691 N. Kendall Drive - Suite 109
Miami, Florida 3317
Tel.: (305) 567-0910
Fax.: (786) 454-8905

**Attorneys for Plaintiff**

**Noah Silverman**
Florida Bar No. 0240310
nsilverman@fflegal.com
FORMAN & FRIEDMAN
2 South Biscayne Blvd.- Suite 2300
Miami, Florida 33131
Tel.: (305) 358-6555
Fax.: (305) 374-9077

**Attorneys for Defendant**