UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-CIV-22203-WILLIAMS/GOODMAN

KARLA COLARTE,

Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

Defendant.
_________________________________________/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KARLA COLARTE (hereinafter “Plaintiff”), sues Defendant, CARNIVAL CORPORATION (hereinafter “Defendant”), and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, KARLA COLARTE, is a citizen and resident of Lakeland, Florida.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves diversity of citizenship under 28 USC §1332. Alternatively, in the event this matter does not come under the Diversity Jurisdiction of the Court, then this matter is being brought under the Admiralty and Maritime Jurisdiction of the Court pursuant to 28 USC §1333.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
b. Was engaged in substantial and not isolated activity within this state;
c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state’s laws;

d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
f. Operated vessels in the waters of this state;
g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL CONQUEST.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL CONQUEST. Further, Defendant employed the crewmembers assigned to inspect and monitor the area of Plaintiff's fall (Hotel Stewards), clean the area of Plaintiff's fall (Housekeeping Team Members), and repair the subject moulding/ledge/grading (Carpentry Department), and is vicariously liable for the negligence of these crewmembers. *Yusko v. NCL (Bahamas) Ltd.*, Case No. 20-10452 (11th Cir. 2021); *Elardi v. Royal Caribbean Cruises Ltd.*, 2021 WL 7367291 (S.D.Fla. 2021).

8. At all times material, Defendant had exclusive custody and control of CARNIVAL CONQUEST, a Conquest-Class ship, and its employees, who were acting in the scope of their employment.

9. On or about July 21, 2023, Plaintiff was a passenger aboard CARNIVAL CONQUEST which was in navigable waters.

10. On or about July 21, 2023, Plaintiff was walking along Deck 4 of the ship on her way to breakfast in the Monet Restaurant and as she passed through a hallway into the restaurant, she tripped and fell over an uneven/protruding moulding/ledge/grading which separated the hallway from the restaurant. The raised, uneven, and protruding moulding/ledge/grading was neither open nor obvious to Plaintiff. Further, after her fall, Plaintiff observed that the moulding/ledge/grading was dinged/dented from other pedestrians having struck it such that it had been in this raised, uneven, and protruding condition for a sufficient period of time to put

Defendant on notice of the dangerous conditions – as Plaintiff did not observe another pedestrian strike the moulding/ledge/grading that morning, the condition had existed for a length of time in excess of the morning of Plaintiff's incident. Further, the top of the moulding/ledge/grading was indented down evincing that Defendant's employees had attempted to push it back down to its proper position but had done so negligently and improperly.

11. Other passengers on Defendant's ships have previously been injured under similar, if not identical, circumstances/conditions where Defendant failed to exercise reasonable care to ensure that similar raised moulding/ledge/grading did not pose a hazard to pedestrian traffic. *Patton v. Carnival Corp.,* Case No. 22-Civ-21158-Scola (**on Carnival Victory, which is a Destiny-Class ship from which the Conquest-Class is derived**, the plaintiff "was walking towards the elevators on Deck 9 when she tripped and fell on a metal threshold which was damaged in such a way that it was not flush with the floor"); *Johnson v. Carnival Corp.,* Case No. 19-Civ-23167-Bloom (**on Carnival Freedom which is in the same Conquest-Class as Conquest**, "a gap between the carpet and metal nosing on a step caught her shoe causing her to lose her balance, trip on the gap, fall down the stairs and thereby sustain serious injuries, including a fractured right fibula requiring surgical repair"); *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga (on Carnival Magic, "the Plaintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . ."). Inasmuch as prior incidents need not be identical to the sued-upon incident to put a defendant on notice of a dangerous condition, *Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641 (11th Cir. 1990); *Jones* v. *Otis Elevator Co.,* 861 F.2d 655 (11th Cir. 1988); *Worsham v. A.H. Robins Co.*, 734 F.2d 676 (11th Cir. 1984); *Jackson* v. *Firestone Tire* & *Rubber Co.,* 788 F.2d 1070, 1082 (5th Cir. 1986); *Bailey* v. *So. Pacific Transp. Co.,* 613 F.2d 1385 (5th Cir.1980); *Ree v. Royal Caribbean Cruises Ltd*., 315 FRD 682, 686 (S.D.Fla. 2016) (citing *In re Cooper Tire & Rubber*

*Co.*, 568 F.3d 1180, 1191 (10th Cir. 2009)),[1] the *Patton*, *Johnson*, and *Zarr* incidents are sufficient to place Defendant on constructive notice of a dangerous condition with the moulding/ledge/grading at the location of Plaintiff's incident in the present matter.

12. As a consequence, Plaintiff sustained injury to her chest, fractures of ribs, bruising of her breasts, and injury to her knee. Although Plaintiff's injuries were such that she necessitated medical care in Defendant's infirmary, beyond taking her vitals, Defendant refused to treat her or provide her with first aid as she was unable to pay. It is Defendant's practice to turn away from its infirmary passengers who are unable to pay. *Hall v. Carnival Corporation,* Case No. 21-Civ-20557-Bloom (S.D.Fla. April 28, 2021).

13. As a consequence, Plaintiff also necessitated continued medical care following her return home.

14. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

**COUNT I – NEGLIGENCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

15. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

---

[1] When used to prove notice:

> ***[A]ll that is required is that the previous injury or injuries be such as to call the defendant's attention to the dangerous situation that resulted in the litigated accident, the similarity and circumstances of the accidents can be considerably less than that which is demanded when the same evidence is used for one of the other valid purposes***.

*Schmelzer* v. *Hilton Hotels Corp.*, 2007 WL 2826628, *2 (S.D.N.Y. 2007) (citations omitted) (emphasis added).

16. On or about July 21, 2023, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

17. On or about July 21, 2023, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to provide Plaintiff with a reasonably safe deck area to walk on; and/or
c. Failure to properly supervise and control passenger use of the deck area to ensure it was reasonably safe for use by passengers, including Plaintiff; and/or
d. Failure to inspect, maintain, and monitor the deck area to ensure it was reasonably safe for use by passengers, including Plaintiff; and/or
e. Allowing a raised, uneven, and protruding moulding/ledge/grading above the deck surface thus creating a trip hazard and rendering the deck unsafe for Plaintiff; and/or
f. Failure to inspect, maintain, and monitor the raised, uneven, and protruding moulding/ledge/grading which made the deck unsafe for Plaintiff, rendering the deck unsafe for Plaintiff; and/or
g. Failure to properly repair/replace the raised, uneven, and protruding moulding/ledge/grading despite the fact that the condition had existed for a sufficient period of time as evinced by dings and dents on the moulding/ledge/grading; and/or
h. Failure to properly instruct/train its crewmembers on how to inspect, maintain, and monitor public deck areas; and/or
i. Failure to properly instruct/train its crewmembers on how to properly repair/replace and maintain moulding/ledge/grading components so that these did not protrude up from the deck and become a tripping hazard; and/or
j. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident Plaintiff suffered, from happening; and/or
k. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or
l. Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident Plaintiff suffered from happening; and/or
m. Failure to take steps as a result of prior similar, if not identical, incidents (involving the same circumstances/conditions) to reduce and/or prevent the type of accident Plaintiff suffered from happening. *Patton v. Carnival Corp.*, Case No. 22-Civ-21158-Scola (**on Carnival Victory, which is a Destiny-Class ship from which the Conquest-Class is derived**, the plaintiff "was walking towards the elevators on Deck 9 when she tripped and fell on a metal threshold which was damaged in such a way that it was not flush with the floor"); *Johnson v. Carnival Corp.*, Case No. 19-Civ-23167-Bloom (**on Carnival Freedom which is in the same Conquest-Class as Conquest**, "a gap between the carpet and metal nosing on a step caught her shoe causing her to lose her balance, trip on the gap, fall down the stairs and thereby sustain serious injuries, including a fractured right fibula requiring surgical repair"); *Zarr v. Carnival Corporation*, Case No. 17-Civ-20312-Altonaga (on Carnival Magic, "the Plaintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . .").

18. Despite being on constructive notice of a dangerous condition, Defendant

maintained the uneven/protruding moulding/ledge/grading which was also improperly repaired and which separated the hallway from the restaurant and caused Plaintiff's accident.

19. Alternatively, because Defendant has a policy in place whereby "the subject area is monitored by Hotel Stewards assigned to the area on a continuous basis throughout the day" and "Housekeeping Team Members visually inspect the area during the course of … routine cleaning," Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them and allowed them to be maintained, or in the exercise of reasonable care under the circumstances, should have learned of them, corrected them, and not allowed them to be maintained inasmuch as the dangerous condition had existed for a length of time in excess of the morning of Plaintiff's incident. *Patton v. Carnival Corp.,* Case No. 22-Civ-21158-Scola (**on Carnival Victory, which is a Destiny-Class ship from which the Conquest-Class is derived**, the plaintiff "was walking towards the elevators on Deck 9 when she tripped and fell on a metal threshold which was damaged in such a way that it was not flush with the floor"); *Johnson v. Carnival Corp.,* Case No. 19-Civ-23167-Bloom (**on Carnival Freedom which is in the same Conquest-Class as Conquest**, "a gap between the carpet and metal nosing on a step caught her shoe causing her to lose her balance, trip on the gap, fall down the stairs and thereby sustain serious injuries, including a fractured right fibula requiring surgical repair"); *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga (on Carnival Magic, "the Plaintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . .").

20. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. *Patton v. Carnival Corp.,* Case No. 22-Civ-21158-Scola (**on Carnival Victory, which is a Destiny-Class ship from which the Conquest-Class is derived**, the plaintiff "was walking towards the elevators on Deck 9 when she tripped and fell on a metal threshold which was damaged in such a way that it was not flush with the floor"); *Johnson v. Carnival Corp.,* Case No. 19-Civ-23167-Bloom (**on Carnival Freedom**

**which is in the same Conquest-Class as Conquest**, "a gap between the carpet and metal nosing on a step caught her shoe causing her to lose her balance, trip on the gap, fall down the stairs and thereby sustain serious injuries, including a fractured right fibula requiring surgical repair"); *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga (on Carnival Magic, "the Plaintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . .").

21. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

**COUNT II – FAILURE TO WARN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

22. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

23. On or about July 21, 2023, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a dangerous condition known to Defendant. *Patton v. Carnival Corp.,* Case No. 22-Civ-21158-Scola (**on Carnival Victory, which is a Destiny-Class ship from which the**

**Conquest-Class is derived**, the plaintiff "was walking towards the elevators on Deck 9 when she tripped and fell on a metal threshold which was damaged in such a way that it was not flush with the floor"); *Johnson v. Carnival Corp.,* Case No. 19-Civ-23167-Bloom (**on Carnival Freedom which is in the same Conquest-Class as Conquest**, "a gap between the carpet and metal nosing on a step caught her shoe causing her to lose her balance, trip on the gap, fall down the stairs and thereby sustain serious injuries, including a fractured right fibula requiring surgical repair"); *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga (on Carnival Magic, "the Plaintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . .").

24. On or about July 21, 2023, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge/grading above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff; and/or
c. Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge/grading up and above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff, which Defendant had knowledge of and was on notice of; and/or
d. Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge/grading up and above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff, which, in the exercise of reasonable care, Defendant should have had knowledge of and was on notice of.

25. Despite being on constructive notice of a dangerous condition, Defendant maintained the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

26. Alternatively, because Defendant has a policy in place whereby "the subject area is monitored by Hotel Stewards assigned to the area on a continuous basis throughout the day" and "Housekeeping Team Members visually inspect the area during the course of … routine cleaning," Defendant knew of the foregoing conditions causing Plaintiff's accident, or, in the exercise of

reasonable care under the circumstances, should have learned of them inasmuch as the dangerous condition had existed for a length of time in excess of the morning of Plaintiff's incident, yet did not warn Plaintiff. *Patton v. Carnival Corp.,* Case No. 22-Civ-21158-Scola (**on Carnival Victory, which is a Destiny-Class ship from which the Conquest-Class is derived**, the plaintiff "was walking towards the elevators on Deck 9 when she tripped and fell on a metal threshold which was damaged in such a way that it was not flush with the floor"); *Johnson v. Carnival Corp.,* Case No. 19-Civ-23167-Bloom (**on Carnival Freedom which is in the same Conquest-Class as Conquest**, "a gap between the carpet and metal nosing on a step caught her shoe causing her to lose her balance, trip on the gap, fall down the stairs and thereby sustain serious injuries, including a fractured right fibula requiring surgical repair"); *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga (on Carnival Magic, "the Plaintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . .").

27. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. *Patton v. Carnival Corp.,* Case No. 22-Civ-21158-Scola (**on Carnival Victory, which is a Destiny-Class ship from which the Conquest-Class is derived**, the plaintiff "was walking towards the elevators on Deck 9 when she tripped and fell on a metal threshold which was damaged in such a way that it was not flush with the floor"); *Johnson v. Carnival Corp.,* Case No. 19-Civ-23167-Bloom (**on Carnival Freedom which is in the same Conquest-Class as Conquest**, "a gap between the carpet and metal nosing on a step caught her shoe causing her to lose her balance, trip on the gap, fall down the stairs and thereby sustain serious injuries, including a fractured right fibula requiring surgical repair"); *Zarr v. Carnival Corporation,* Case No. 17-Civ-20312-Altonaga (on Carnival Magic, "the Plaintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . .").

28. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

**COUNT III – VICARIOUS LIABILITY FOR NEGLIGENT MAINTENANCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

29. At all times material, Defendant was vicariously liable for the negligent acts and/or omissions of its crewmembers, hotel personnel, housekeeping personnel, dining room personnel, maintenance/repair personnel, agents, and/or employees, who were acting in furtherance of the business of the ship. *Yusko v. NCL (Bahamas) Ltd.*, Case No. 20-10452 (11th Cir. 2021); *Elardi v. Royal Caribbean Cruises Ltd.*, 2021 WL 7367291 (S.D.Fla. 2021).

30. At all times material, the maintenance, repairs, upkeep, and operations in the ship's common areas, such as the hallway into the Monet Restaurant on Deck 4 was part of the business of the ship, so that all negligent acts and/or omissions of Defendant's crewmembers, hotel personnel, housekeeping personnel, dining room personnel, and/or maintenance/repair personnel in connection with the maintenance, repairs, upkeep, and operations of the area at the time and place of the subject incident were undertaken in furtherance of the business of the ship and were acts and/or omissions for which Defendant is vicariously liable.

31. At all times material, Defendant's crewmembers, including hotel personnel, housekeeping personnel, dining room personnel, and/or maintenance/repair personnel assigned to

operate and maintain the area of the hallway into the Monet Restaurant on Deck 4, owed passengers, including the Plaintiff, a duty of reasonable care for their safety, including a duty to maintain the area in a reasonably safe condition.

32. At all times material, Defendant's crewmembers, including hotel personnel, housekeeping personnel, and/or dining room personnel assigned to operate and maintain the area of the hallway into the Monet Restaurant on Deck 4, owed passengers, including the Plaintiff, a duty of reasonable care for their safety, including a duty to inspect and monitor the area for dangerous conditions and summon maintenance/repair personnel to perform repairs of the deck.

33. At all times material, Defendant's crewmembers, maintenance/repair personnel assigned to maintain/repair the area of the hallway into the Monet Restaurant on Deck 4, owed passengers, including the Plaintiff, a duty of reasonable care for their safety, including a duty to repair moulding/ledge/grading in the area in a proper and non-negligent manner so that the moulding/ledge/grading did not protrude up from the deck and cause a tripping hazard.

34. At all times material, Defendant's crewmembers, including hotel personnel, housekeeping personnel, dining room personnel, and/or maintenance/repair personnel assigned to operate and maintain the area of the hallway into the Monet Restaurant on Deck 4 breached their duties to Plaintiff and were thereby negligent, in one or more of the following ways:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to provide Plaintiff with a reasonably safe deck area to walk on; and/or
c. Failure to properly supervise and control passenger use of the deck area to ensure it was reasonably safe for use by passengers, including Plaintiff; and/or
d. Failure to inspect, maintain, and monitor the deck area to ensure it was reasonably safe for use by passengers, including Plaintiff; and/or
e. Allowing a raised, uneven, and protruding moulding/ledge/grading above the deck surface thus creating a trip hazard and rendering the deck unsafe for Plaintiff; and/or
f. Failure to inspect, maintain, and monitor the raised, uneven, and protruding moulding/ledge/grading which made the deck unsafe for Plaintiff, rendering the deck unsafe for Plaintiff; and/or
g. Failure to properly repair/replace the raised, uneven, and protruding moulding/ledge/grading despite the fact that the condition had existed for a sufficient period of time as evinced by dings and dents on the moulding/ledge/grading ; and/or
h. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident Plaintiff suffered, from happening; and/or

i. Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident Plaintiff suffered from happening; and/or
j. Failure to take steps as a result of prior similar, if not identical, incidents (involving the same circumstances/conditions) to reduce and/or prevent the type of accident Plaintiff suffered from happening. *Patton v. Carnival Corp.*, Case No. 22-Civ-21158-Scola (**on Carnival Victory, which is a Destiny-Class ship from which the Conquest-Class is derived**, the plaintiff "was walking towards the elevators on Deck 9 when she tripped and fell on a metal threshold which was damaged in such a way that it was not flush with the floor"); *Johnson v. Carnival Corp.*, Case No. 19-Civ-23167-Bloom (**on Carnival Freedom which is in the same Conquest-Class as Conquest**, "a gap between the carpet and metal nosing on a step caught her shoe causing her to lose her balance, trip on the gap, fall down the stairs and thereby sustain serious injuries, including a fractured right fibula requiring surgical repair"); *Zarr v. Carnival Corporation*, Case No. 17-Civ-20312-Altonaga (on Carnival Magic, "the Plaintiff was caused to trip, slip and fall on a piece of flooring or wooden grading on the surface of the floor that had negligently been permitted to remain, and become loose and unsecured. . . .").

35**.** The negligent acts and/or omissions of Paragraph 34 of Defendant's crewmembers, including hotel personnel, housekeeping personnel, dining room personnel, and/or maintenance/repair personnel, occurred while these personnel were engaged in furtherance of the business of Defendant's ship, specifically the maintenance of common passenger areas and food services, and Defendant is therefore vicariously liable for their negligence.

36. As a direct and proximate result of the negligence of Defendant's employees for which it is vicariously liable, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

## COUNT IV – VICARIOUS LIABILITY FOR FAILURE TO WARN

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fourteen (14) as though fully alleged herein.

37. At all times material, Defendant was vicariously liable for the negligent acts and/or omissions of its crewmembers, hotel personnel, housekeeping personnel, dining room personnel,

maintenance/repair personnel, agents, and/or employees, who were acting in furtherance of the business of the ship. *Yusko v. NCL (Bahamas) Ltd.,* Case No. 20-10452 (11th Cir. 2021); *Elardi v. Royal Caribbean Cruises Ltd.*, 2021 WL 7367291 (S.D.Fla. 2021).

38. At all times material, the maintenance, repairs, upkeep, and operations in the ship's common areas, such as the hallway into the Monet Restaurant on Deck 4 was part of the business of the ship, so that all negligent acts and/or omissions of Defendant's crewmembers, hotel personnel, housekeeping personnel, dining room personnel, and/or maintenance/repair personnel in connection with the maintenance, repairs, upkeep, and operations of the area at the time and place of the subject incident were undertaken in furtherance of the business of the ship and were acts and/or omissions for which Defendant is vicariously liable.

39. At all times material, Defendant's crewmembers, including hotel personnel, housekeeping personnel, dining room personnel, and/or maintenance/repair personnel assigned to operate and maintain the area of the hallway into the Monet Restaurant on Deck 4, owed passengers, including the Plaintiff, a duty of reasonable care for their safety, including a duty to warn passengers of dangerous conditions in and around the Monet Restaurant of which such personnel knew or should have known.

40. At all times material, Defendant's crewmembers, including hotel personnel, housekeeping personnel, and/or dining room personnel assigned to operate and maintain the area of the hallway into the Monet Restaurant on Deck 4, as a consequence of their duty to inspect and monitor the area on a routine basis, knew or should have known of the protruding moulding/ledge/grading, and were under a duty to warn Plaintiff as this defect was unknown and not obvious to her.

41. At all times material, Defendant's crewmembers, maintenance/repair personnel assigned to maintain/repair the area of the hallway into the Monet Restaurant on Deck 4, as a consequence of their duty to maintain and repair the subject moulding/ledge/grading in a proper and non-negligent manner, knew or should have known of the protruding moulding/ledge/grading,

and were under a duty to warn Plaintiff as this defect was unknown and not obvious to her.

42. At all times material, Defendant's crewmembers, including hotel personnel, housekeeping personnel, dining room personnel, and/or maintenance/repair personnel assigned to operate and maintain the area of the hallway into the Monet Restaurant on Deck 4 breached their duties to warn Plaintiff and were thereby negligent, in one or more of the following ways:

a. Failure to exercise reasonable care for Plaintiff's safety; and/or
b. Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge/grading above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff; and/or
c. Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge/grading up and above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff, which Defendant had knowledge of and was on notice of; and/or
d. Failure to warn Plaintiff of a dangerous condition, to wit: a raised, uneven, and protruding moulding/ledge/grading up and above the deck surface thus creating a hidden, non-obvious trip hazard and rendering the deck unsafe for Plaintiff, which, in the exercise of reasonable care, Defendant should have had knowledge of and was on notice of.

43. The negligent acts and/or omissions of Paragraph 42 of Defendant's crewmembers, including hotel personnel, housekeeping personnel, dining room personnel, and/or maintenance/repair personnel, occurred while these personnel were engaged in furtherance of the business of Defendant's ship, specifically the maintenance of common passenger areas and food services, and Defendant is therefore vicariously liable for their negligence.

44. As a direct and proximate result of the negligence of Defendant's employees for which it is vicariously liable, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**COUNT V – NEGLIGENCE IN FAILING TO RENDER FIRST AID**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one

(1) through fourteen (14) as though fully alleged herein.

45. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances which extends to rendering first aid. *Hall v. Carnival Corporation,* Case No. 21-Civ-20557-Bloom (S.D.Fla. April 28, 2021).

46. After her fall, Plaintiff presented to Defendant's infirmary for help.

47. Defendant advertises its infirmaries as "committed to providing the highest quality of shipboard medical care."

48. However, in Defendant's infirmary, beyond the taking of her vitals, Plaintiff was refused care because she was unable to pay the "consultation fee" for Defendant's physician and/or the fee for x-rays.

49. Although Plaintiff had medical insurance at the time, Defendant refused to accept it and demanded immediate payment then before it would care for Plaintiff.

50. Plaintiff described her pain and difficulties breathing (she would come to learn that had suffered fractures of anterior to anterolateral left 5th to 7th ribs) and pled that she be able to see Defendant's physician, but was nevertheless turned away.

51. In refusing to provide Plaintiff with first aid, Defendant breached its duty of "reasonable care under the circumstances," not to mention that of simple human decency.

52. As a consequence of this breach, Plaintiff suffered additional pain and suffering until she was seen at a shoreside emergency room in Lakeland, Florida the following day.

53. Defendant's refusal to provide Plaintiff with the most basic first aid was intentional, wanton, and willful to the point of being intolerable in a civilized society.

54. As a direct and proximate result of Defendant's refusal to render first aid, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer

Case 1:24-cv-22033-KMW Document 26 Entered on FLSD Docket 09/12/2024 Page 16 of 16

the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, including punitive damages, interest as permitted by law, and demands a trial by Jury.

DATE: September 12, 2024

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiff*
10691 N. Kendall Drive – Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By: */s/ Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No. 061451
ehernandez@ejh-law.com